TYSON, Judge.
Robert Gibson, an inmate at G. K. Fountain Correctional Center, filed a petition for a writ of habeas corpus on November 22, 1981 (R. 1-5). This petition was denied without a hearing on December 2, 1981 (R. 6). From this denial by the trial court of this petition, Robert Gibson, prosecutes this appeal.
In his petition for a writ of habeas corpus, appellant challenged the disciplinary board’s decision to deprive appellant of two years of “good time” for an alleged “escape” from a Decatur work release facility. Appellant insisted that the findings of the board should have been reversed because:
1. As a resident of a Community Facility he was improperly disciplined for the violation of Rule lc of the Handbook of Rules and Information For Inmates;
2. The allegations against him wore signed by an employee of Kilby Correctional Facility and not by anyone from the Decatur work release facility from which he allegedly escaped;
3. The disciplinary board was composed of Kilby officials only and was, therefore, not “fair and impartial.”
4. The only evidence against appellant was the document containing the charge against him (there was no testimony from anyone at the Decatur work release facility to verify the charge);
5. The disciplinary proceedings were not recorded, thus appellant was not furnished with a copy of same;
6. The board did not provide the appellant with nor issue a written statement as to the evidence relied upon and the reasons for its disciplinary actions;
7. The appellant lost two years of “good time” pursuant to the board’s findings, but had only accrued 130 days at the time of the disciplinary hearing; and
8. The disciplinary hearing was held five days after the “disciplinary charge” was brought against him, thus violating the 72 hour limitation of Administrative Rule 403.
I
There is nothing in the record before us about the disciplinary action against appellant and the procedures followed except for appellant’s own assertions. There is no “Notice of Disciplinary Board Hearing” form identifying the charge against the appellant. There is no summary of the disciplinary hearing itself. There is no “written statement reflecting the reasons and conclusions” upon which the disciplinary board based its findings. There is no answer by the state to appellant’s Habeas Corpus Petition, and there is no evidence of a hearing in the trial court below to develop any of the facts needed to validate the board’s actions.
Our recent decision in Washington v. State, 405 So.2d 62 (Ala.Cr.App.1981), is squarely on point with the instant appeal. In Washington we reversed the trial court’s denial of those two appellants’ petition and remanded same for an evidentiary hearing before the trial court to develop the facts necessary for determining whether or not the board’s actions were “based upon substantial evidence” or merely “arbitrary and capricious.” There, as here, the required “written statement by the factfinders [the disciplinary board] as to the evidence relied on and reasons” for the disciplinary action was missing. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Williams v. Davis, 386 So.2d 415 (Ala.1980); Washington v. State, supra, and other cases therein cited.
This omission alone in Washington made it impossible to determine whether or not those appellants had been afforded “due process” of law.
In the case now before us, there is nothing in the record, except for appellant’s own petition and arguments in support thereof, to indicate that a “disciplinary hearing” was even held. The merits of appellant’s petition below and, consequently, the pro *1299 priety of the trial court’s dismissal thereof cannot be properly examined on this review.
Therefore, the trial court’s denial of appellant’s petition must be set aside and this cause must be reversed and remanded to the trial court for an evidentiary hearing by the trial court to develop the facts essential for determining whether or not the board’s action was proper. Washington v. State, supra, and cases cited therein.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.