HARRIS, Judge.
Julian Wilburn, an inmate at Kilby Correctional Facility, filed a petition for a writ of habeas corpus on June 17, 1982. This petition was denied without a hearing on July 13,1982. From this denial by the trial court of this petition Julian Wilburn brings this appeal.
In his petition for a writ of habeas corpus, appellant challenged the disciplinary board’s decision to deprive appellant of twenty-seven months of “good time” for an alleged “escape” from the Red Eagle Honor Farm. Appellant insisted that the findings of the board should have been reversed because:
1. As a resident of Red Eagle Honor Farm, a minimum security camp, he was improperly disciplined for the violation of Rule 1(b) of the Handbook of Rules and Information for Inmates;
2. The allegations against him were signed by an employee of Kilby Correctional Facility and not by anyone from Red Eagle Honor Farm from which he allegedly escaped;
3. The appellant was found guilty and was not furnished a copy of the disciplinary proceedings or a written statement of the board as to the evidence relied upon;
4. The only evidence against appellant was allegations in his disciplinary report (there was no testimony from anyone at Red Eagle Honor Farm to verify the charge);
5. The appellant lost twenty-seven months of “good time” pursuant to the board’s findings, but had only accrued eighteen months at the time of the disciplinary hearing;
6. The appellant was returned to Kilby Correctional Facility on April 7,1982, and the disciplinary hearing was held April 14, 1982, thus violating the 72-hour limitation of Administrative Rule 403; and
*525 7. The board improperly denied his request for assistance of legal counsel at the disciplinary hearing since he had been charged with the same offense in Montgomery Circuit Court.
In the record before us, there is nothing concerning the disciplinary action against appellant and the procedures followed, except for appellant’s own assertions. There is no “Notice of Disciplinary Board Hearing” form identifying the charge against the appellant, no summary of the disciplinary hearing itself, and no written statement reflecting the reasons and conclusions upon which the disciplinary board based its findings. Furthermore, there is no evidence of a hearing in the trial court below to evidence the facts needed to validate the board’s actions.
In Washington v. State, 405 So.2d 62 (Ala.Crim.App.1981), a case squarely on point with the instant appeal, this court stated:
“The correct method for challenging the decision of a state disciplinary board is by petitioning the appropriate circuit court for a ‘Writ of Habeas Corpus.’ Williams v. Davis, 386 So.2d 415 (Ala.1980). To comport with ‘due process' the board’s decision must not have been made arbitrarily or capriciously but should have been based upon ‘substantial evidence.’ Aikens v. Lash, 514 F.2d 55, 60 (7th Cir. 1975), vacated and remanded on other grounds, 425 U.S. 947, 96 S.Ct. 1721, 48 L.Ed.2d 191 (1976), reinstated as modified, 547 F.2d 372 (7th Cir.1976); Chavis v. Rowe, 643 F.2d 1281 (7th Cir.1981). In order to determine whether or not the board’s decision was indeed based upon ‘substantial evidence,’ the trial court (as well as other reviewing courts) should have a ‘written statement by the fact-finders [the disciplinary board] as to the evidence relied on and reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Aikens v. Lash, supra. Moreover, in the words of the Supreme Court in Wolff v. McDonnell, supra:
“ ‘... a written record helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the inmate will be at a severe disadvantage in propounding his own cause to or defending himself from others.’
“This requirement of a ‘written statement by the fact-finders’ was also approved in a recent Alabama case which dealt, specifically, with the deprivation of ‘good time’. Williams v. Davis, supra. The board should file a return in circuit court and include this information in same.”
See also Gibson v. State, 411 So.2d 1297 (Ala.Cr.App.1982).
In the case at bar, there is nothing in the record, except for appellant’s own petition and arguments therein, to indicate that a disciplinary hearing was even held. The merits of appellant’s petition below and the propriety of the trial court’s dismissal thereof cannot be properly examined on this review.
For these reasons the trial court’s denial of appellant’s petition must be set aside and this cause must be reversed and remanded to the trial court for an evidentiary hearing by the trial court to develop the facts essential for determining whether or not the board’s action was proper. Gibson v. State, supra, and cases cited therein.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur, except SAM W. TAYLOR, J., who recuses himself.