HARRIS, Judge.
Carl Hall’s petition to the Escambia Circuit Court for a writ of habeas corpus, challenging the propriety of a state disciplinary board proceeding, was dismissed without a hearing on the ground that a petition for a writ of habeas corpus was not the proper remedy. This ruling was erroneous.
Hall, the appellant herein, sought, by petition for a writ of habeas corpus, to challenge the results of his disciplinary proceeding which deprived him of two years of his “good time” credit and upgraded his custody status. A petition for a writ of habeas corpus was the proper method for making such a challenge. See, Williams v. Davis, 386 So.2d 415 (Ala.1980); see also, Washington v. State, 405 So.2d 62 (Ala. Crim.App.1981); Fielding v. State, 409 So.2d 964 (Ala.Crim.App.1981).
Consequently, this cause is due to be reversed and remanded for further consideration by the trial court, including, if necessary, a hearing to develop the facts essential for properly determining the merits of appellant’s petition. See, Crear v. State, [Ms. 82-417, Nov. 10, 1983] (Ala. 1983); Washington v. State, supra; Fielding v. State, supra; Gibson v. State, 411 So.2d 1297 (Ala.Crim.App. 1982); Wilburn v. State, 432 So.2d 524 (Ala.Crim.App. 1983). The record before us, which essentially contains only appellant’s pro se petition to the trial court, is not sufficient for a proper determination at this writing of the merits of the petition or the propriety of a dismissal on other grounds.
REVERSED AND REMANDED.
All the Judges concur.