The petitioner filed a petition for writ of habeas corpus alleging that he was deprived of "good time" credit without due process of law. The District Attorney filed a "Motion to Deny Petition for Writ of Habeas Corpus" attached to which was a copy of the "Alabama Board of Corrections Notice *Page 965 
of Disciplinary Board Hearing" in petitioner's case. This completed form was not certified as being a true and correct copy or authenticated in any manner whatsoever.
The Circuit Judge granted the State's motion to dismiss without a hearing.
A petition for habeas corpus is the proper method by which a prisoner who claims to have been deprived of his "good time" credit without due process can challenge the results of his disciplinary hearing. Williams v. Davis, 386 So.2d 415 (Ala. 1980).
In order to satisfy the minimum requirements of due process in a prison disciplinary proceeding, one requirement is that there must be a "written statement by the factfinders as to the evidence relied on and reasons" for the disciplinary action.Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604,33 L.Ed.2d 484 (1972); approved in Wolff v. McDonnell, 418 U.S. 539,564, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974); Williams, supra. In this case the report of the disciplinary board hearing attached to the State's motion to dismiss only states the factual finding of the disciplinary court and the facts surrounding the charge. Nowhere in the report is there contained a written statement of the evidence relied on. Consequently, the report does not in and of itself show that the constitutional requirements of Wolff v. McDonnell, supra, were met. The circuit court erred in summarily granting the State's motion to dismiss the petition without a hearing.
The Attorney General also argues that the petition was properly dismissed because habeas corpus does not lie to challenge prospective detention. See Judge Bookout's dissent in Washington
and Baldwin v. State, Ala.Cr.App. (1981) 405 So.2d 62. Since the petitioner would not be entitled to immediate release from custody if his petition were granted and his good time restored, the petition for writ of habeas corpus is premature the Attorney General argues.
Even if the "long-established rule" advocated in Judge Bookout's dissent is followed, the petition for writ of habeas corpus in this case is not premature. This is because along with being sentenced to the loss of four months' good time, the petitioner's custody classification was changed from minimum to maximum.
The judge of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
HARRIS, P.J., and TYSON and DeCARLO, JJ., concur.
BOOKOUT, J., dissents.