SAM W. TAYLOR, Judge.
Appellant, an inmate of the West Jefferson Correctional Center, petitioned for a writ of habeas corpus. He alleges that he was the subject of a disciplinary proceeding resulting in the loss of “good time” credit without due process of law. It appears from his petition that he was charged with violation of Rule # 6, possession of a knife or any instrument for stabbing, or any lethal weapon. The only other document in the record is the state’s motion to dismiss, which was granted by the circuit court without a hearing.
This court, speaking through Judge Bowen, has stated:
“A petition for habeas corpus is the proper method by which a prisoner who claims to have been deprived of his ‘good time’ credit without due process can challenge the results of his disciplinary hearing.” Fielding v. State, 409 So.2d 964, 965 (Ala.Cr.App.1981).
In Wolf v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974), the Supreme Court in an opinion by Justice White held:
“Two of the procedures that the court held should be extended to parolees facing revocation proceedings are not, but must be, provided to prisoners in the Nebraska Complex if the minimum requirements of procedural due process are to be satisfied. These are advance written notice of the claimed violation and a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken.” (emphasis supplied)
In this case, the record does not reveal any statement of fact by the disciplinary board. There is nothing in the record to enable us to ascertain what evidence was relied on by the board. The state evidently contends that the statement of the appellant in his petition that he had picked up a 3 X 3-foot piece of plywood to “protect himself” from an alleged attack constituted such an admission of “possession of ... any lethal weapon” that nothing else was necessary. We realize that a yard square piece of plywood could be used as a lethal weapon rather than, as appellant contends, a shield.
The Supreme Court of the United States having spelled out the requirements of min *1381 imum due process in this area, we are constrained to hold that those few words in the prisoner’s handwritten petition are insufficient by themselves to eliminate the need to comply with the minimum constitutional requirements. We must remand this cause to the trial court for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.