TYSON, Judge.
Don J. Matta appeals from the denial of a habeas corpus petition by the circuit court without conducting a hearing on the petition in question.
Matta avers that he lost 90 days “good time” by virtue of insubordination which was a violation of Rule 13. The petitioner avers that he was on work release and, in fact, since the petition has been denied by circuit court without a disciplinary hearing, petitioner has been restored to work release.
I
The problem confronting this court on appeal is that the record does not contain sufficient information for a thorough review of the trial court’s denial of the appellant’s habeas corpus petition. All that is *573 contained is simply the appellant’s sworn petition, a motion to dismiss filed by the State and an order granting same, without conducting a hearing or requiring an answer or return by the authorities who hold the appellant in custody. It should be remembered that when a party is on work release he is still in custody.
The critical omission in the record before us is the “written statement reflecting the reasons and conclusions” upon which the disciplinary board based its findings. There is not even an attached “synopsis” in this record.
II
The correct method for challenging the decision of a disciplinary board is by petitioning the appropriate circuit court through a “Writ of Habeas Corpus,” Williams v. Davis, 386 So.2d 415 (Ala.1980).
Moreover, there is no showing by the State in this record that the requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) have been complied with. See also Washington v. State, 405 So.2d 62 (Ala.Cr.App.1981).
Since there is an insufficient basis to determine whether or not the circuit court properly denied appellant’s habeas corpus petition, we have no alternative but to remand this cause with directions that an appropriate hearing be conducted with the trial court to develop the evidence and the appellant to be represented by counsel to establish whether or not the appellant’s claimed loss of the 90 day’s good time credit was proper. See also, Bland v. State, 441 So.2d 122 (Ala.1983).
REMANDED WITH DIRECTIONS FOR A HEARING.
Reporter’s note: On February 23, 1984, the court entered the following order:
“Appeal dismissed. Appellant no longer in custody.”