Rice appeals the summary dismissal of his pro se petition for writ of habeas corpus challenging the constitutionality of a disciplinary proceeding which resulted in his being deprived of good-time status, loss of store privileges, and change in custody classification. He is represented on appeal by appointed counsel. In his petition he asserts that the institutional officers took disciplinary action against him without providing him with a constitutionally sufficient statement of the reasons for their actions and the evidence upon which they relied. Rice's petition was dismissed upon the State's motion. Attached to the motion were certified copies of a disciplinary report, an institutional incident report, and an inmate summary sheet concerning Rice. The "committee findings 
reasons" recited in the Disciplinary Report are as follows: "Guilty based on officers and witness testimony."
The correct method for challenging the decision of a state disciplinary board is by petitioning the appropriate circuit court for a writ of habeas corpus. Williams v. Davis,386 So.2d 415 (Ala. 1980); Washington v. State, 405 So.2d 62
(Ala.Crim.App. 1981); Fielding v. State, 409 So.2d 964
(Ala.Crim.App. 1981), cert. denied, 409 So.2d 964 (Ala. 1982). Habeas corpus is the appropriate remedy in this case.
The State contends that Rice's petition was not properly verified as required by § 15-21-4, Code of Alabama 1975. This section provides that the petition "[m]ust be verified by the oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief. . . ." Rice apparently signed his petition before a notary public and adjacent to his signature is *Page 256 
the following acknowledgement: "Subscribed Sworn to before me this 27 day of February, 1984. Margaret B. Hall Notary". Does this acknowledgement satisfy the requirements of § 15-21-4? We think so. Niceties of pleading are not favored in habeas corpus proceedings. A petition which substantially complies with the provisions of § 15-21-4, and its corollary statutes is all that is necessary to secure the writ and bring before the judge the petitioner and his cause of detention. Ex parte Thomas,270 Ala. 411, 118 So.2d 738, cert. denied, 363 U.S. 822,80 S.Ct. 1263, 4 L.Ed.2d 1521 (1960); Ex parte Rockholt, 271 Ala. 68,122 So.2d 162 (1960), cert. denied, 364 U.S. 935, 81 S.Ct. 384,5 L.Ed.2d 368 (1961); State v. Thurman, 17 Ala. App. 656,88 So. 61 (1921). In Powers v. Bryant's Adm'r., 7 Port. 9 (1838), the Alabama Supreme Court in considering the proper verification for a plea in abatement stated:
 "The verification at the foot of the plea, stating it to have been sworn to, and subscribed in open court, (as certified by the Clerk,) is certainly a sufficient compliance with the statute, which requires such pleas to be accompanied with an affidavit of their truth.
 "The words `sworn to' clearly refer to the plea, and must be taken to mean, that the testator declared on oath, the facts it set forth were true."
The words "sworn to" at the foot of Rice's petition must be taken to mean that he declared on oath that the allegations set forth in his petition were true, and we are of the opinion that this satisfied the requirements of verification in § 15-21-4.
The case of O'Such v. State, 423 So.2d 317 (Ala.Crim.App. 1982), relied upon by the Appellee to support its contention that the petition was not properly verified, is distinguishable from the instant case. In that case the petition was not notarized and there was no jurat of any kind.
In order to satisfy the minimum requirements of due process in a prison disciplinary proceeding, one requirement is that there must be a "written statement by the factfinders as to the evidence relied on and reasons" for the disciplinary action.Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2979,41 L.Ed.2d 935 (1974). In Wolff v. McDonnell, supra, the Supreme Court stated:
 ". . . . a written record helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the inmate will be at a severe disadvantage in propounding his own cause to or defending himself from others."
To comply with due process, the Board's decision must not have been made arbitrarily or capriciously, but should have been based upon substantial legal evidence. Washington v.State, supra. In order to determine whether or not the Board's decision was indeed based upon substantial evidence, the trial court, as well as the reviewing court, should have a written statement by the factfinders (the disciplinary board) as to the evidence relied on and reasons for the disciplinary action.Washington v. State, supra; Wolff v. McDonnell, supra.
The record in the instant case does not contain a written statement by the disciplinary board setting forth the "`evidence relied on and reasons' for the disciplinary action" as required by Wolff v. McDonnell, supra. The constitutional requirements of Wolff were not met.
This Court has followed the Wolff standard in determining statements similar to the instant one to fall short of the inmate's minimal procedural due process rights. See Barker v.State, 437 So.2d 1375 (Ala.Crim.App. 1983); Barnhill v. State,439 So.2d 822 (Ala.Crim.App. 1983); Martin v. State,449 So.2d 801 (Ala.Crim.App. 1984); Spooner v. State, 451 So.2d 429
(Ala.Crim.App. 1984).
The State contends that the written statement contained in the disciplinary report together with the written record of the testimony attached to the report provided a *Page 257 
sufficient finding to satisfy due process. We disagree.
The general finding by the Board does not ensure that prison officials will act fairly. Nor will this finding protect the prisoner against subsequent collateral effects resting upon misunderstanding of the initial decision. The report in and of itself should contain a meaningful statement setting forth the essential facts relied upon.
The circuit court erred in summarily granting the State's motion to dismiss the petition without a hearing.
Therefore, the trial court's judgment dismissing Rice's petition is hereby set aside and vacated and this cause is remanded to the trial court for further proceedings consistent with this opinion.
In view of the reversal of this case on the above ground and the discussion of the issues pertaining to verification of the petition and habeas corpus being the appropriate remedy, it is our opinion that it is unnecessary to address the other issues raised by appellant in his appeal.
REVERSED AND REMANDED.