TYSON, Judge.
Perry E. Helveston appeals from the summary denial of his pro se petition for writ of habeas corpus challenging the constitutionality of a disciplinary proceeding which resulted in 90 days in the segregation unit and loss of store, visiting and phone privileges for 90 days. In the habe-as corpus petition, Helveston specifically asserted that the institutional officers took disciplinary action against him without providing him with a proper constitutional statement as to the reasons for their actions and the evidence upon which they relied. The habeas corpus petition was denied based upon the State’s motion which simply attached a summary statement of the action of the disciplinary court to same. *1052 This statement simply stated “As per computer, inmate Helveston escaped from Houston County Annex on 1-2-82.” The inmate had entered a plea of not guilty and the report stated “guilty per escape report.”
I
This court in Rice v. State [Ms. 5 Div. 885, June 12, 1984] (Ala.Crim.App.1984), speaking through Judge Patterson, noted:
“The correct method for challenging the decision of a state disciplinary board is by petitioning the appropriate circuit court for a writ of habeas corpus. Williams v. Davis, 386 So.2d 415 (Ala.1980); Washington v. State, 405 So.2d 62 (Ala.Crim.App.1981); Fielding v. State, 409 So.2d 964 (Ala.Crim.App.1981), cert. denied, 409 So.2d 964 (Ala.1982). Habeas corpus is the appropriate remedy in this case.”
II
Further, this court, again speaking through Judge Patterson, in Spooner v. State, 451 So.2d 429 (Ala.Crim.App.1984), stated:
“In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that due process requires that an inmate involved in a prison disciplinary proceeding must be provided with a written statement by the factfind-ers as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 565 [94 S.Ct. at 2979], The written statement protects the inmate from possible collateral consequences based on a misunderstanding of the nature of the original proceeding and from arbitrary action by prison officials and enables him to ‘propound his own cause’ subsequent to the hearing. Id. at 565 [94 S.Ct. at 2979].”
III
In the case at bar, all that was before the trial court was a summary statement with reference to the action of the disciplinary court. This, as is stated above, simply reiterated the result of a computer printout.
No witnesses were presented according to this report. Moreover, the inmate complains that he was removed from the proceeding without having an opportunity to be heard or to hear the statements of the witnesses against him. He states that he was simply orally informed as to the results some time later.
In light of the allegations herein made and the failure to furnish a proper statement showing a written statement by the factfinders as to the evidence relied upon and their reasons given in the disciplinary hearing, this court has no choice but to reverse and remand this cause for proper hearing consistent with the requirements of due process of law. Counsel should be appointed to assist the petitioner and the court should set this cause for hearing at an appropriate date and inquire into the merits of the petitioner’s allegations.
This cause is hereby reversed and remanded to circuit court with instructions that a hearing be held on the merits of the petitioner's allegations.
The initial order denying the habeas corpus petition is hereby set aside and vacated.
REVERSED AND REMANDED.
BOWEN, P.J., and HARRIS and PATTERSON, JJ., concur.
TAYLOR, J., concurs specially with opinion.