This is an appeal from the denial of a petition for writ of habeas corpus. Petitioner alleges that he was denied procedural due process in a prison disciplinary proceeding which resulted in the loss of two weeks' store privilege and two weeks' extra duty.
Specifically, petitioner alleges that the disciplinary report does not show that the testimony of the arresting officer was presented under oath, that there was no substantial evidence offered to support the charge, and that the statement by the fact-finders of the evidence relied on and the reasons for the disciplinary action does not satisfy the requirements of Wolffv. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935
(1974).
We express no opinion on the merits of petitioner's claims since we conclude that the procedural due process requirements of Wolff v. McDonnell simply do not apply to the deprivations suffered by petitioner here. The procedures outlined by the United States Supreme Court in Wolff are triggered either by the loss of *Page 183 
good time credits or by major changes in the conditions of confinement, such as the imposition of disciplinary segregation, neither of which petitioner encountered.
 "Here, [referring to solitary confinement] as in the case of good time, there should be minimum procedural safeguards as a hedge against arbitrary determination of the factual predicate for imposition of the sanction. We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."
Wolff v. McDonnell, 418 U.S. 571-72 n. 19, 94 S.Ct. 2982 n. 19.
Although some lower federal courts have extended the protections guaranteed by Wolff to disciplinaries resulting only in the loss of privileges, see, e.g., Ward v. Johnson,667 F.2d 1126 (4th Cir. 1981) (loss of recreational privileges), neither the United States Supreme Court interpreting the federal writ of habeas corpus nor the Alabama Supreme Court interpreting our State habeas remedy has required Wolff
procedures for the mere deprivation of privileges. See Baxterv. Palmigiano, 425 U.S. 308, 323, 96 S.Ct. 1551, 1560,47 L.Ed.2d 810 (1976). Petitioner directs our attention toHelveston v. State, 454 So.2d 1051 (Ala.Cr.App. 1984), wherein we applied the Wolff procedural requirements to a disciplinary resulting in deprivations less drastic than removal of good time credits. Concurring specially in Helveston, Judge Taylor observed the following:
 "This disciplinary proceeding did not result in the loss of good time. It should be noted that we are here accepting a petition for writ of habeas corpus challenging disciplinary proceedings which do not involve the loss of good time and which do not affect the liberty status of the inmate."
While the petitioner in Helveston did not lose good time, he did receive "90 days in the segregation unit" in addition to the withdrawal of certain privileges. We judged his disciplinary hearing in light of Wolff procedures because as, the Supreme Court observed in Wolff, either the loss of good time or disciplinary confinement triggers the due process requirements mandated in that case. Even prior to Helveston, we indicated that loss of good time was not the sole occurrence which would trigger the requirements of Wolff. In Fielding v.State, 409 So.2d 964 (Ala.Cr.App. 1981), we noted that, even if the withdrawal of petitioner's good time were ignored, the minimum requirements of due process would apply to his disciplinary, because his custody classification was changed from minimum to maximum. 409 So.2d at 965. Thus, Helveston is neither a departure from the established principles of procedural due process enunciated in Wolff nor from the prior pronouncements of this court.
The initial inquiry in any prison disciplinary case is whether the deprivation suffered by the inmate amounted to the denial of a "liberty interest" within the meaning of the due process clause. Meachum v. Fano, 427 U.S. 215, 223-24,96 S.Ct. 2532, 2537-38, 49 L.Ed.2d 451 (1976). Answering this inquiry as it related to prisoners transferred from one State prison to another prison with less favorable conditions, the United States Supreme Court declared:
 "We reject at the outset the notion that any grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause. . . .
 "Similarly, we cannot agree that any change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause."
* * * * * *
 "[T]o hold as we are urged to do that any
substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of *Page 184 
prison administrators rather than of the federal courts."
Meachum v. Fano, 427 U.S. at 224, 225, 96 S.Ct. at 2538
(emphasis in original). The "liberty interest" test consistently applied by the Court to inmate deprivation is as follows:
 "`[A]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.' Montanye v. Haymes, 427 U.S. 236, 242
[96 S.Ct. 2543, 2547, 49 L.Ed.2d 466] (1976). See also Vitek v. Jones, 445 U.S. 480, 493 [100 S.Ct. 1254, 1263, 63 L.Ed.2d 552] (1980)."
Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 870,74 L.Ed.2d 675 (1983). In Hewitt v. Helms, supra, the inmate was removed from his cell, placed in non-disciplinary administrative segregation, and questioned regarding his role in a prison riot. Following the questioning, he was put in restrictive confinement pending an investigation of those responsible for the riot. Rejecting the argument that the inmate's temporary segregation called for the full panoply of procedural rights outlined in Wolff, the Court concluded that the inmate was merely due "some notice" of the charges against him and "an opportunity to present his views" to prison officials. 459 U.S. at 476, 103 S.Ct. at 874. Thus, even though the court found that the inmate had a protected liberty interest (albeit not one "of great consequence") in non-restrictive confinement, it stopped short of requiring all the Wolff procedures surrounding a hearing. 459 U.S. at 473,103 S.Ct. at 872.
In both Meachum v. Fano, supra, and Montanye v. Haymes, supra, the Court determined that transfers from one prison to another did not implicate the due process clause, even though the conditions of confinement might have been less desirable in the second prison. The basis for both decisions is found in the "liberty interest" test previously mentioned, namely: placement in any of a State's institutions is within the type of confinement contemplated by a prison sentence. Cf. Vitek v.Jones, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer of inmate from prison to mental hospital was not within expected type of confinement).
Whether a prisoner has a "liberty interest" in remaining free of any particular deprivation hinges on two questions: first, whether the conduct of prison officials is limited by any constitutional or statutory provision so that the prisoner can be said to have a "legitimate entitlement" or expectation that he will not undergo a change in treatment except upon the occurrence of certain events. Moody v. Daggett, 429 U.S. 78, 88
n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976); Montanyev. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547,49 L.Ed.2d 466 (1976); Meachum v. Fano, 427 U.S. 215, 223-29,96 S.Ct. 2532, 2537-40, 49 L.Ed.2d 451 (1976). We have been cited to no constitutional or statutory provision, and the record contains none, limiting the ability of prison officials to reprimand petitioner by the temporary withholding of his store privileges or the addition of a short-lived work detail. The Supreme Court has indicated that neither a "mutually explicit understanding" between prisoners and officials, Jago v. Van Curen,454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981), nor a "past practice" regarding other convicts, Connecticut Board of Pardons v.Dumschat, 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981), creates a "liberty interest" in the absence of a constitutional or statutory entitlement.
The second determinant for a "liberty interest" is the nature of the actual deprivation suffered by the inmate. Even Justice Douglas recognized that, "Of course, a hearing need not be held before a prisoner is subjected to some minor deprivation, such as an evening's loss of television privileges." Wolff v.McDonnell, 418 U.S. at 594, 94 S.Ct. at 2993 (Douglas, J., dissenting in part and concurring in the result in part). *Page 185 
Based on the reasoning of the foregoing United States Supreme Court cases, we do not believe petitioner had a "liberty interest" protected under the due process clause in maintaining his store privileges or in being unburdened by an extra work detail. See also Edwards v. State, 461 So.2d 39 (Ala.Cr.App. 1984) (Bowen, J., dissenting). In our judgment, minor deprivations such as these fall within the normal limits or range of custody which an inmate's conviction has authorized the State to impose and, therefore, do not merit judicial scrutiny. Petitioner's punishment simply does not rise to the level of a major change in the conditions of his confinement which would trigger constitutional protection.
Nevertheless, even if we were to find that petitioner did have some protected liberty interest at stake in this case, we would still, under the principles set out in Hewitt v. Helms, supra, affirm the denial of his petition for writ of habeas corpus. If it were determined that petitioner's deprivations here called for some, but not all, of the procedural protections guaranteed in Wolff, we would be inclined to find, following Hewitt v. Helms, that petitioner's liberty interests were not ones of great consequence and that petitioner received all the process that was due under the circumstances — notice of the charges against him and an opportunity to present his views to prison officials.
 "Certainly, not all of the [Wolff] process is due if all that is at issue is a minor infraction or the infliction of relatively minor discipline — loss of canteen or visiting privileges, movies, TV and other entertainment, or a mere reprimand. Even the requirement for an extra work detail imposed as punishment would probably not call in the full panoply of due process rights."
Kerper and Kerper, Legal Rights of the Convicted 467 (1974).
The order of the circuit court is affirmed.
AFFIRMED.
All Judges concur.