TYSON, Judge.
Sammy Burditt appeals from the summary denial of his pro se petition for writ of habeas corpus challenging the constitutionality of a disciplinary proceeding in which he was deprived of certain good time credits and that such hearing was conducted within “eight days” after the “disciplinary charge” was brought against him, thus violating the “72-hour limitation of administrative rules.”
In circuit court the district attorney filed a motion to dismiss but no “disciplinary report or statement” was attached showing the basis of the Board of Corrections’ actions.
Moreover, the appellant avers that he was not furnished with a written statement showing the basis of the disciplinary board’s action or the hearing thereon.
I
This court in Rice v. State, 460 So.2d 254 (Ala.Crim.App.1984), speaking through Judge Patterson, noted:
“The correct method for challenging the decision of a state disciplinary board is by petitioning the appropriate circuit court for a writ of habeas corpus. Williams v. Davis, 386 So.2d 415 (Ala.1980); Washington v. State, 405 So.2d 62 (Ala.Crim.App.1981); Fielding v. State, 409 So.2d 964 (Ala.Crim.App.1981), cert. denied, 409 So.2d 964 (Ala.1982). Habeas corpus is the appropriate remedy in this case.”
II
Further, this court, again speaking through Judge Patterson in Spooner v. State, 451 So.2d 429 (Ala.Crim.App.1984), stated:
“In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that due process requires that an inmate involved in a prison disciplinary proceeding must be provided with a written statement by the factfind-ers as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 565 [94 S.Ct. at 2979]. The written statement protects the inmate from possible collateral consequences based on a misunderstanding of the nature of the original proceeding and from arbitrary action by prison officials and enables him to ‘propound his own cause’ subsequent to the hearing. Id at 565 [94 S.Ct. at 2979].”
In the case at bar, all that was before the trial court was the district attorney’s “motion to dismiss”. This motion stated that the petitioner was not entitled to relief through a “writ of habeas corpus”. This averment is in direct conflict with the authorities hereinabove cited.
Moreover, no statement from the disciplinary board showing the basis of its action was filed in circuit court nor, for aught that appears, was the appellant furnished a written statement showing the nature of the charges against him or the basis of the board’s action against him.
There is no showing that witnesses were presented or that the appellant had an opportunity to confront the witnesses against him or to present a statement in his own behalf.
In light of the allegations herein made and the failure to furnish a proper statement showing the basis of the disciplinary board’s actions and their reasons for taking action against this appellant, this court has no alternative but to reverse and remand this cause for proper hearing, consistent with the requirements of due process of law. Counsel should be appointed to assist *706 the petitioner and the court should set this cause for hearing on an appropriate date and inquire into the merits of the petitioner’s allegations.
This cause is hereby reversed and remanded to circuit court with instructions that a hearing be held on the merits of the petitioner’s allegations.
The initial order dated February 21,1985, denying the habeas corpus petition, is hereby set aside and vacated.
REVERSED AND REMANDED.
All the Judges concur.