From a denial of a petition for writ of habeas corpus, this appeal follows. For the reasons outlined below, the judgment of the trial court is due to be reversed and the case remanded.
Appellant, an inmate at Holman Prison, filed a petition for writ of habeas corpus challenging numerous prison disciplinary proceedings ("disciplinaries"). On August 21, 1985, a hearing was held before the Honorable Earnest R. White, Circuit Court of Escambia County. As a result of the disciplinaries, appellant avers he has lost a substantial amount of "good time." The basis of his argument is that the evidence relied upon by the disciplinary board is insufficient under Wolff v.McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). At the hearing, the State submitted that the disciplinary form filled out by the prison authorities was sufficient to meet the guidelines set out in Wolff. The State contends that the disciplinary form contains a section entitled "committee findings and reasons" for which a statement is typed in by the Department of Corrections' authorities which sufficiently advises the inmate of the charge and reasons for which disciplinary action is taken, as required by Wolff. The record reflects the State's position by stating:
 "MR. KIRKLAND: Judge, we just say that we feel like that if the findings say guilty based on the arresting officer's statement and on the face of the form that the arresting officer's statement is contained in sufficient detail that it would meet the requirements of Wolff."
It is a well settled rule of law that the correct method for challenging the decision of a disciplinary board is by petitioning the appropriate court for a writ of habeas corpus.Rice v. State, 460 So.2d 254, 255 (Ala.Cr.App. 1984); Tate v.State, 455 So.2d 263 (Ala.Cr.App. 1984); Hall v. State,455 So.2d 278 (Ala.Cr.App. 1984); Helveston v. State,454 So.2d 1051, 1052 (Ala.Cr.App. 1984); Matta v. State, 445 So.2d 572,573 (Ala.Cr.App. 1983); Fielding v. State, 409 So.2d 964, 965
(Ala.Cr.App. 1981); Washington v. State, 405 So.2d 62
(Ala.Cr.App. 1981); Williams v. Davis, 386 So.2d 415 (Ala. 1980).
The present case concerns seventeen disciplinaries against the appellant. The critical omission in the record before us is the "written statement" reflecting the reasons and evidence relied upon by the disciplinary board to base its findings and conclusion.
As this court, per Judge Patterson, held in Rice v. State,460 So.2d 254, 256 (Ala.Cr.App. 1984):
 "In order to satisfy the minimum requirements of due process in a prison disciplinary proceeding, one requirement is that there must be a `written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). In Wolff v. McDonnell, supra, the Supreme Court stated:
 `. . . a written record helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the inmate will be at a severe *Page 391 
disadvantage in propounding his own cause to or defending himself from others.'"
Furthermore:
 "To comply with due process, the Board's decision must not have been made arbitrarily or capriciously, but should have been based upon substantial legal evidence. Washington v. State, supra. In order to determine whether or not the Board's decision was indeed based upon substantial evidence, the trial court, as well as the reviewing court, should have a written statement by the factfinders (the disciplinary board) as to the evidence relied on and reasons for the disciplinary action. Washington v. State, supra; Wolff v. McDonnell, supra."
As in Rice, the record in the instant case does not contain a written statement by the disciplinary board setting forth the "`evidence relied on and reasons' for the disciplinary action," as required by Wolff, supra. Thus, the constitutional requirements of Wolff were not met. Further, this court, again speaking through Judge Patterson, in Spooner v. State,451 So.2d 429 (Ala.Cr.App. 1984), stated:
 "In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that due process requires that an inmate involved in a prison disciplinary proceeding must be provided with a written statement by the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 565 [94 S.Ct. at 2979]. The written statement protects the inmate from possible collateral consequences based on a misunderstanding of the nature of the original proceeding and from arbitrary action by prison officials and enables him to `propound his own cause' subsequent to the hearing. Id. at 565 [94 S.Ct. at 2979.]"
See also Helveston v. State, 454 So.2d 1051, 1052 (Ala.Cr.App. 1984). The disciplinary report in and of itself should contain a meaningful statement setting forth the essential facts relied upon. Rice, supra; Helveston, supra; Fielding, supra.
Since the State has failed to meet the "written statement" requirement set forth in Wolff, we have no alternative but to set aside the trial court's judgment dismissing appellant's petition. This cause is hereby remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.