PATTERSON, Judge.
The appellant, Jerry Barfield, appeals from the trial court’s summary dismissal of his pro se petition for writ of habeas corpus which challenges the constitutionality of a 1982 disciplinary proceeding wherein Barfield was found guilty of fighting without a weapon and, as a result, was deprived of two months’ good time.
We reverse the trial court’s dismissal, for we find, as asserted in Bar-field’s petition, that the disciplinary report reflects constitutionally insufficient findings and reasons for the committee’s action. In order to satisfy the minimum requirements of due process in a prison disciplinary proceeding, one requirement is that there be a “written statement by the fact-finders as to the evidence relied on and reasons” for the disciplinary action. Wolff v.' McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974). The report in the instant case contains the following written statements by the disciplinary board: “Finds guilty. Accepts officer's statement.” This statement does not comply with the constitutional requirements of Wolff See Mee v. State, 460 So.2d 254 (Ala.Cr.App.1984), and cases cited therein.
Although the trial court dismissed Bar-field’s petition pursuant to the State’s motion to dismiss, which asserted that Bar-field should be estopped from questioning the constitutionality of a proceeding which occurred four years ago, the attorney general has chosen to forgo this argument. Thus, we abstain from addressing the operation of estoppel by laches in the context of this case.
Therefore, the trial court’s judgment is hereby set aside and vacated and this cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.