PATTERSON, Judge.
Gilbert appeals the trial court’s summary dismissal of his pro se petition for writ of habeas corpus which contests the validity of a 1984 prison disciplinary proceeding. Although the attorney general requests that we remand this cause on the State’s failure to contest Gilbert’s allegations by submitting a return with a copy of the disciplinary committee’s report, we hold that the trial court correctly dismissed Gilbert’s petition on its written finding that, taking Gilbert’s allegations as true, Gilbert failed to allege the loss of any liberty interest as a result of the disciplinary committee’s action. The only allegation which makes reference to the committee’s action is found in the petition’s “Conclusion,” and it states, “Your petitioner also prays that this honorable court orders the respondents to return petitioner to his previous status prior to the disciplinary proceedings against him.” Although we recognize that niceties of pleading are not favored in ha-beas corpus proceedings, see, e.g., Rice v. State, 460 So.2d 254 (Ala.Cr.App.1984), the initial inquiry in any prison disciplinary case is whether the deprivation suffered by the prisoner amounted to the denial of a “liberty interest” within the meaning of the due process clause. Summerford v. State, 466 So.2d 182, 183 (Ala.Cr.App.1985). Since Gilbert failed to sufficiently allege this essential fact, the trial court properly dismissed Gilbert’s petition.
AFFIRMED.
All Judges concur.