The appellant, George M. Zamudio, appeals from the denial of his petition for writ of habeas corpus. The appellant was disciplined for attempting to mail a letter to a fellow inmate by having someone outside the prison system mail the letter. He was found guilty by the hearing officer and was punished by losing 30 days' store and telephone privileges and was given 30 days of extra work duty.
The appellant argues that he was denied his due process rights guaranteed by Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). On many occasions, this court has determined this issue adversely to the petitioner by unpublished memorandum. Because of the frequent occurrence of this type of case, we have chosen to write an opinion in this instance.
The United States Supreme Court in Wolff set forth several requirements that must be followed in a prison disciplinary proceeding. The accused must be given notice of the hearing and an opportunity to call witnesses and must be provided with a written statement of the reasons that the committee or hearing officer held the way it did. Before the protections of Wolff
are triggered, we must look at the punishment received as a result of the violation of the disciplinary rules.
"The initial inquiry in any prison disciplinary case is whether the deprivation suffered by the inmate amounted to the denial of a 'liberty interest' within the meaning of the due process clause." Summerford v. State, 466 So.2d 182, 183
(Ala.Cr.App. 1985).
 "Whether a prisoner has a 'liberty interest' in remaining free of any particular deprivation hinges on two questions: first, whether the conduct of prison officials is limited by a constitutional or statutory provision in that the prisoner can be said to have a 'legitimate entitlement' or expectation that he will not undergo a change in treatment except under the occurrence of certain events. . . .
 "The second determinant for a 'liberty interest' is the nature of the actual deprivation suffered by the inmate."
466 So.2d at 184. Store and telephone privileges are not liberty interests, nor does a prisoner have a right not to have extra work duty imposed, Summerford.
As this court further stated in Summerford:
 "Neither the United States Supreme Court interpreting the federal writ of habeas corpus nor the Alabama Supreme Court interpreting the state habeas remedy has required Wolff procedures for the mere deprivation of privileges."
466 So.2d at 188.
Because no liberty interest was at stake in this case, the trial court, as a matter of law, correctly denied the petition.
AFFIRMED.
All the Judges concur. *Page 605