Nakaia L. KAIN, et al.

v.

**Commissioner Christine BRADLEY, et al.**

No. 1:92–0046.

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 28, 1997.

Charles William McElroy, Patricia Head Moskal, Karyn Crigler Bryant, Larry G. Hayes, Jr., Nashville, TN, Timothy J. Tennery, Iron City, TN, for Plaintiffs.

Dennis L. Nordhoff, II, Kimberly Jennings Dean, Nashville, TN, Tom Anderson, Sandra I. Schefcik, Frankie K. Stanfill, Lexington, KY, Patricia Kussman, Mary Gring Moody, Nashville, TN, for Defendants.

1. This action was originally brought *pro se* by Plaintiff Nakaia L. Kain. Several months after the lawsuit was filed, counsel was appointed for Plaintiff Kain, and Plaintiff Timothy J. Tennery was added as a plaintiff.

2. Plaintiff Kain is no longer incarcerated at SCCC according to a stipulation made by the parties at oral argument. Plaintiff Tennery has

## MEMORANDUM

CAMPBELL, District Judge.

### I. *Introduction*

Pending before the Court are Motions and Supplemental Motions For Summary Judgment filed by Defendants (Docket Nos. 49, 70, 94, 100, 238), and a Motion and Supplemental Motions For Summary Judgment filed by Plaintiffs (Docket Nos. 93, 179, 243). The Court heard oral argument on the Motions on January 24, 1997. For the reasons described below, the Court GRANTS Defendants' Supplemental Motion for Summary Judgment (Docket No. 238), and DENIES all other motions for summary judgment filed by the parties.

Plaintiffs brought this action against Defendants under 42 U.S.C. § 1983[1] claiming that Defendants violated their constitutional right of access to the courts, while they were incarcerated at South Central Correctional Center ("SCCC"), a Tennessee Department of Corrections facility operated by Corrections Corporation of America.[2] In their most recent motion for summary judgment, Defendants argue that Plaintiffs have no standing to raise this claim. Because the existence of standing is a jurisdictional prerequisite to raising a constitutional claim,[3] the Court considers this issue before considering whether summary judgment is appropriate as to Plaintiffs' claim of inadequate access to the courts.

### II. *Factual Background*

While incarcerated at Northeastern Correctional Center ("NCC"), in December, 1991, Plaintiff Kain filed a lawsuit in the District Court for the Eastern District of Tennessee under 42 U.S.C. § 1983, alleging that the NCC was deliberately indifferent to

completed his sentence and has been released from custody (Docket No. 251). These facts may limit any injunctive relief available.

3. In *Lewis v. Casey,* —— U.S. ——, n. 1, 116 S.Ct. 2174, n. 1, 135 L.Ed.2d 606 (1996), the Supreme Court explained that standing is jurisdictional and not subject to waiver.

his serious medical needs.[4] Also while incarcerated at NCC, Plaintiff Kain filed a claim with the Tennessee Claims Commission raising certain factual allegations similar to those alleged in the federal lawsuit. The parties do not dispute that there was law library at NCC during the time Plaintiff Kain was incarcerated there, and that Plaintiff Kain did not use that library.

In March, 1992, Plaintiff Kain was transferred to SCCC. Before he was incarcerated at SCCC, the defendants in the federal suit moved to dismiss[5] Plaintiff Kain's complaint arguing that he had waived his federal claim by filing a claim arising out of the same incident with the Tennessee Claims Commission. The Eastern District Court granted defendants' motion on February 22, 1993. In reaching its decision, the court specifically addressed and rejected an argument made by Plaintiff Kain:[6]

> The Court also has considered the plaintiff's argument that exhaustion of administrative remedies is not normally a prerequisite to bringing a civil rights lawsuit. However, the defendants are not contending that the plaintiff must first exhaust his remedies through the Claims Commission before bringing a federal suit. Their position is that the federal suit is altogether waived. United States Court of Appeals for the Sixth Circuit has already considered the exact statute upon which the defendants base their motion to dismiss and found that, in fact, it does operate to waive a federal, constitutional claim. *White b/n/f*

*Swafford v. Gerbitz*, 860 F.2d 661 (6th Cir.1988).

*Nakaia Lee Kain v. Harold Smith, et al.*, No. Civ. 2–91–429, slip op. at 2–3 (E.D.Tenn. February 22, 1993).[7]

Rather than provide a full law library for inmates at SCCC, the Corrections Corporation of America instituted a legal assistance program by which a local attorney would be available to provide certain legal services for SCCC inmates. In its contract with the local attorney, the corporation agreed to pay the attorney for providing certain legal services to inmates. But those contractual services generally did not require or include representation for the inmate beyond the filing of a complaint. There was also a limited law library at the SCCC prison.[8]

It is undisputed that Plaintiff Kain attempted to use SCCC's legal assistance program to obtain help in the prosecution of the federal lawsuit, as well as his Tennessee Claims Commission case. Andrew Yarbrough, the attorney under contract with CCA from whom the Plaintiff had requested assistance, does not specifically recall discussing Plaintiff Kain's lawsuit with him. He has testified, however, that he did not draft documents or perform research for inmates as to matters arising in pending litigation. He would agree to copy cases or statutes specifically requested by inmates for use in pending litigation. Defendants do not contend that Mr. Yarbrough, or his successor, Curt Hopper, provided assistance to Plaintiff

4. *Nakaia Lee Kain v. Harold Smith*, No. Civ. 2–91–429 (E.D.Tenn.).

5. The parties agreed at oral argument that the Motion to Dismiss was filed February 7, 1992 while Plaintiff Kain was at NCC and not at SCCC.

6. The parties agreed at oral argument that Plaintiff Kain filed his responses to the Motion to Dismiss while he was incarcerated at SCCC. Plaintiff Kain filed his first response in opposition to the Motion to Dismiss on April 27, 1992, according to all parties at the oral argument.

7. At oral argument, Plaintiffs filed a copy of the "Rebuttle (sic) to Defendant's Motion to Dismiss for Lack of Jurisdiction" and portions of an "Addendum—to Defendant's Motion to Dismiss

for Lack of Jurisdiction" that Plaintiff Kain filed in *Kain v. Smith*. In the "Rebuttle," Plaintiff Kain argues, in part, that the District Court (eighth amendment—deliberate indifference) and Claims Commission (negligence) cases are based on different legal theories and, thus, both cases should be allowed to go forward simultaneously.

8. At oral argument, neither party could precisely identify what books were part of the law library on the dates in which Plaintiff Kain was required to respond, or did respond, to the Motion to Dismiss. The parties directed the Court to portions of the record, and unfiled discovery, which identified the law library books that were present before and after the dates in question (e.g., Docket No. 174, Ex. 7). Defendants do not contend that the law library, standing alone, was constitutionally adequate.

Kain in responding to the motion to dismiss filed in the federal court lawsuit.

Plaintiff Tennery was convicted on October 18, 1988, and did not appeal his conviction. He claims that his right to meaningful access to the courts has been violated because he was unable to file a claim for postconviction relief after he was transferred to SCCC in March, 1992.

### III. The Standards For Considering Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment may be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order to prevail, the movant has the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In determining whether the movant has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In order to defeat the motion, the nonmoving party is required to show, after an adequate time for discovery, that there is a genuine issue of fact as to every essential element of that party's case upon which he will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 323–25, 106 S.Ct. at 2553. In order to create a genuine factual issue, the nonmoving party must show "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Although the nonmovant need not show that the disputed issue should be resolved in his favor, he must demonstrate that there are genuine factual issues that "properly can be resolved only by

a finder of fact because they may reasonably be resolved in favor of either party." *Id.*

A preponderance of the evidence standard is used in this determination. *Id.* Therefore, if the evidence offered by the nonmoving party is "merely colorable," or "is not significantly probative," the motion for summary judgment may be granted. *Id. See also Matsushita Electric,* 475 U.S. at 586–88, 106 S.Ct. at 1356.

### IV. Standing [9]

In *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Defendants argue that the Plaintiffs do not have standing to raise this right of access claim based on the Supreme Court's recent decision in *Lewis v. Casey,* —— U.S. ——, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

In *Lewis,* the Court reviewed a remedial order of an Arizona district court issued after the court found the state prison system to be in violation of *Bounds.* Initially, the Court pointed out that *Bounds* did not create an abstract, freestanding right to a law library. —— U.S. at ——–——, 116 S.Ct. at 2179–80. To establish a *Bounds* violation, the Court explained, an inmate must demonstrate that he has suffered an "actual injury" caused by the alleged shortcomings in the prison library or legal assistance program. *Id.* According to the Court, "actual injury" may be shown by demonstrating that the alleged shortcomings hindered efforts to bring a legal claim:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so sty-

---

**9.** The parties, at oral argument, were in agreement that the recently enacted Prison Litigation

Reform Act did not effect the merits of the case. The Act could affect the available remedies.

mied by inadequacies of the law library. that he was unable even to file a complaint. —— U.S. at ——, 116 S.Ct. at 2180.

The Court expressly disclaimed any suggestions that its prior opinions required that the "State must enable the prisoner to discover grievances, and to litigate effectively once in court." —— U.S. at ——, 116 S.Ct. at 2181. On the contrary, the Court explained that:

> To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires.

*Id.*[10]

The Court then turned to application of the "actual injury" test to the case before it. —— U.S. at —— —— ——, 116 S.Ct. at 2182–84. The Court specifically rejected the State's argument that, because the prison legal facilities were constitutionally adequate, inmates could not attribute any injury to the State. —— U.S. at ——, 116 S.Ct. at 2182. The Court explained that *Bounds* requires that an inmate be provided with the capability of bringing challenges to sentences or conditions of confinement; it did not guarantee any particular methodology:

> When any inmate, even an illiterate or non-English-speaking inmate, shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has failed to furnish 'adequate law libraries or adequate assistance from persons trained in the law.'

—— U.S. at ——, 116 S.Ct. at 2182.

The Court then pointed out that the only actual injury the trial court found to exist after the case had been tried was the dismissal of a case brought by an inmate who was illiterate. —— U.S. at ——, 116 S.Ct. at

2183. The remedy ordered by the district court, the Court explained, should have been limited to the inadequacy that produced this injury—failure of the prison to provide the special services needed by the illiterate inmate. *Id.*

The Court rejected the notion that *system-wide* relief should be based on the district court's finding that "'the trial testimony ... indicated that there are prisoners who are unable to research the law because of their functional illiteracy.'" —— U.S. at ——, 116 S.Ct. at 2184. The Court explained that:

> ... the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance.

*Id.*

■ Plaintiffs argue that *Lewis* does not require a showing of "actual injury" when, as here, the injunctive relief would affect only one institution. But the *Lewis* decision provides no indication that the Court intended to so limit its holding. The Court clearly stated that in order to establish a *Bounds* violation, an inmate must demonstrate that he has suffered an "actual injury" caused by the alleged shortcomings in the prison library or legal assistance program. *Id.* The Court did not suggest that a showing of actual injury need only be made by inmates seeking relief affecting more than one prison.

The Plaintiffs alternatively argue that Plaintiff Kain has shown "actual injury." Plaintiff Kain contends that the lack of legal facilities at SCCC prevented him from presenting an argument that may have prevented the dismissal of his civil rights case. Plaintiffs argue that with access to adequate legal facilities, Plaintiff Kain could have argued that he did not "knowingly and voluntarily" waive his civil rights claim by filing a similar claim in the Tennessee Claims Commission, and therefore, the purported "waiver" should not have resulted in dismissal of

---

**10.** Plaintiff Kain erroneously relies on three cases that have been superseded by Lewis to support his claim for effective post-complaint legal assistance, or law library, based on the

facts in this case: *Knop v. Johnson,* 977 F.2d 996 (6th Cir.1992), *Morrow v. Harwell,* 768 F.2d 619 (5th Cir.1985), and *Bonner v. City of Prichard, Alabama,* 661 F.2d 1206 (11th Cir.1981).

his civil rights claim.[11] The Court need not determine whether Plaintiff Kain would have ultimately persuaded the Eastern District Court with this argument because the Court believes that this is not the type of "actual injury" contemplated by the *Lewis* Court.

As discussed above, the *Lewis* Court specifically stated that the Constitution does not require that the State ensure that an inmate be able to litigate *effectively* once in court or that the inmate be able to conduct generalized research. According to *Lewis, Bounds* requires that the inmate show he was unable to even file a claim, or that "a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." —— U.S. at ——, 116 S.Ct. at 2180.

■ It is undisputed that Plaintiff Kain actually filed a response to the defendants' motion to dismiss in the civil rights case. Indeed, the Eastern District Court specifically addressed the exhaustion argument raised in that response. This Court is simply not persuaded that Plaintiff Kain has suffered "actual injury," as described in *Lewis*, by his inability to discover a legal argument that may have been more successful than the one he actually made.

■ Furthermore, to the extent the waiver argument was a "technical requirement" which Plaintiff Kain could not have discovered without adequate legal facilities, the Court notes that Plaintiff Kain was incarcerated at NCC when he filed the Tennessee Claims Commission action that ultimately required dismissal of his civil rights claim. Plaintiffs have conceded that the legal facilities at NCC were adequate, and yet, Plaintiff Kain did not identify the waiver problem when he had access to those facilities. Indeed, he admits that he did not use the legal facilities

while at NCC.[12] In that regard, any injury to Plaintiff Kain was self-inflicted and not the result of any acts or omissions of Defendants.

Accordingly, the Court holds that Plaintiff Kain does not have standing to raise the *Bounds* claim because he has not demonstrated "actual injury" based on the record in this case.

■ Plaintiff Tennery, likewise, has not suffered an actual injury. Under Tennessee law, he was required to file any postconviction petition for relief within three years after his appeals were exhausted. Tenn. Code Ann. § 40–30–102. Because Plaintiff Tennery did not appeal, he was required to file for postconviction relief three years after his conviction, or before October 18, 1991. Therefore, the statute of limitations had already run on Plaintiff Tennery's claim before he was transferred to SCCC in March, 1992. Based on these facts, the Court holds that Plaintiff Tennery also does not have standing to claim that his meaningful right of access to the courts has been violated at SCCC.

The Court specifically notes that its ruling is limited to the Plaintiffs' lack of standing. The Court is *not* holding that either the law library or the contract attorney procedure at SCCC complies with constitutional requirements. In fact, the State of Tennessee advised Corrections Corporation of America, on more than one occasion, that the SCCC law library and contract attorney procedures were constitutionally deficient. (Exhibits I, Q to Plaintiffs' Second Supplemental Motion For Summary Judgment (Docket No. 243)). Corrections Corporation of America recently modified the terms of its attorney contract to include certain post-complaint legal assistance to SCCC inmates (Docket No. 255). The Court makes no ruling on the constitutionality of the past or current legal assistance practices of SCCC

---

11. Plaintiff Kain relies on *White b/n/f Swafford v. Gerbitz,* 860 F.2d 661 (6th Cir.1988) and cases cited therein in support of his position. The District Court in *Kain v. Smith* dismissed that case based on the same case and thus considered and used the authority now relied on by Plaintiff Kain. This tends to undermine Kain's argument that the *Kain v. Smith* Court did not consider the waiver issue.

12. The Court also notes that even though Plaintiff Kain's civil rights lawsuit was dismissed, he was still able to pursue his Tennessee Claims Commission action. The action is still pending. The parties have not briefed or argued whether (1) a recovery in the Claims Commission would moot this action; or (2) whether this Court should abstain pending a decision by the Claims Commission.

since neither Plaintiff has standing to bring this suit. It remains an open question whether SCCC's law library and contract attorney procedures are constitutionally adequate in another case.

V. *Conclusion*

The Court holds that neither Plaintiff Kain nor Plaintiff Tennery have standing to raise their constitutional claims because they have not demonstrated "actual injury." Accordingly, summary judgment is granted in favor of the Defendants and this case is dismissed.[13]

It is so ORDERED.

---

**13.** As to Plaintiff Tennery, the Court also dismisses this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff Tennery has failed to comply with the Order (Docket No. 252) entered on January 16, 1997. The Order required Plaintiff Tennery to file by January 23, 1997, any opposition to the Defendant's Motion for Summary Judgment and to appear at the hearing on January 24, 1997. Plaintiff Tennery did neither. Plaintiff Tennery's case is also dismissed for lack of prosecution. Finally, Defendants' Motion for Summary Judgment is also granted as to Plaintiff Tennery pursuant to Local Rule 8, which provides that failure to file required documents in opposition to a motion shall indicate that the motion is not opposed.