CRAWLEY, Judge.
James McConico, an inmate incarcerated at Donaldson Correctional Facility, sued Sergeant Glenn Martin, Vincent McCray, Larry Hunt, Edward Hardison, Warden Steve Dees, Kim T. Thomas, Commissioner Joe S. Hopper, and Governor Fob James, alleging that he had been denied his constitutional right of access to the courts, that false behavior citations had been lodged against him, that he had been fired from his job assignment as a law library clerk in retaliation for exercising his constitutional rights and on the basis of race, and that the Donaldson law library does not contain appropriate re *223 sources. The trial court entered a summary judgment in favor of all the defendants. McConieo appealed to the Supreme Court of Alabama, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
Our standard for reviewing a summary judgment is de novo; we apply the same standard as applied in the trial court. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law.” Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the non-movant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038. “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d). See West, 547 So.2d at 871, and Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989), for further discussion of the application of the summary judgment standard.
According to McConieo, he was denied access to Donaldson’s law library on Thanksgiving Day, despite the fact that law library clerks were typically allowed to use the law library for their own research on all holidays and Sundays. He states that Sgt. Glenn Martin told him that he could not use the law library on that day and that Martin threatened him. He says that he showed Martin documents reflecting a deadline for filing a brief in this court. He also states that Martin filed a “false” behavior citation against him, which resulted in disciplinary action. He says that Martin returned him to his eellblock and that he ordered two other correctional officers, Vincent McCray and Larry Hunt, not to let him out of the eellblock except for meals. He also says that, as a result of the “false” behavior citation, he was removed from his job assignment as a law library clerk. According to McConieo, he was not allowed to use the law library between November 1996 and March 1997. He also states that he was reinstated as a law library clerk in May 1997 and then was again removed because hé exercised his constitutional rights.
Most of McConico’s claims are based upon his being denied his constitutional right of “access to the courts.” Although an inmate’s right of access to the courts has long been recognized as a constitutional right, the United States Supreme Court first outlined the general requirements of that right in 1977. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). According to the Court, that right “requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.” Bounds, 430 U.S. at 828, 97 S.Ct. at 1498, 52 L.Ed.2d at 83 (emphasis added). Such assistance is necessary only to file “meaningful legal papers”; that phrase has been interpreted to mean only those legal filings that present constitutional claims challenging the inmate’s conviction or the conditions of confinement. Lewis v. Casey, 518 U.S. 343, 353-54, 116 S.Ct. 2174, 2181, 135 L.Ed.2d 606, 620 (1996) (“In other words, [the right of access to the courts] does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder-derivative actions to slip-and-fall claims.”); see also Morrow v. Harwell, 768 F.2d 619, 623 (5th Cir.1985).
In addition, the United States Supreme Court has stated that an inmate does not have standing, or the right, to sue simply because he was not provided access to the courts. See Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606, 618 (1996); see also Kain v. Bradley, 959 F.Supp. 463 (M.D.Tenn.1997). An inmate “must go one step further and demonstrate that the [denial of access to the courts] hindered his efforts to pursue a legal claim.” Lewis, 518 U.S. at 351, 116 S.Ct. at 2180, 135 *224 L.Ed.2d at 618. That is, an inmate like MeConico must demonstrate an “actual injury” resulting from the denial of his right of access to the courts. See id.
One of McConico’s claims is that he was denied the right to use the law library to prepare his brief in a case pending before this court. As an exhibit to his response to the defendants’ motion for summary judgment, MeConico attached the dismissal order of this court in McConico v. Conecuh Countian, 706 So.2d 893 (Ala.Civ.App.1997) (table). However, the mere fact that McConi-co’s ease was dismissed is not sufficient to establish a denial of his right of access to the courts. Nothing presented by MeConico proves that the dismissed case presented “constitutional claims” concerning his conviction or conditions of his confinement. Without such proof, MeConico has failed to show that he was denied the right of access to the courts. Therefore, as to this claim, the summary judgment was proper.
MeConico also claims that Kim T. Thomas, the state “access to courts coordinator,” has failed to appropriately “stock” the Donaldson law library with the necessary books. That claim also fails because McCon-ico.’s claim is simply that Donaldson’s “law library ... is sub-par in some theoretical sense.” Lewis, 518 U.S. at 351, 116 S.Ct. at 2180, 135 L.Ed.2d at 618. MeConico has failed to allege or offer proof that the missing books or materials have in some way affected his presentation of constitutional claims. Therefore, as to this claim as well, the summary judgment was proper.
As for McConico’s claims of “retaliation” that he says was based on the exercise of his constitutional rights or on his race, his affidavits do not state facts sufficient to raise these claims above mere speculation. MeConico has no liberty interest in continued assignment as a law library clerk. See Summerford v. State, 466 So.2d 182 (Ala.Crim.App.1985); see also Zamudio v. State, 615 So.2d 156 (Ala.Crim.App.1993). His removal from that job assignment was a disciplinary sanction that this court need not (and arguably cannot) review. See, generally, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (both recognizing that prison management necessitates discipline within constitutional limitations).
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.