PATTERSON, Retired Appellate Judge.
Theodore Parker, an inmate in a state prison in Barbour County, appeals from the Montgomery Circuit Court’s denial of his petition for a writ of certiorari in which he contests his prison disciplinary for insubordination as being “arbitrary and conspicious [sic].” However, the circuit court’s ruling is not properly before us because the Montgomery Circuit Court did not have jurisdiction to entertain any claim arising from a disciplinary received by an inmate who is incarcerated in Barbour County. The proper vehicle in which to contest a prison disciplinary is a petition for a writ of habeas corpus. Burditt v. State, 472 So.2d 704 (Ala.Crim.App.1985); Rice v. State, 460 So.2d 254 (Ala.Crim.App.1984). The only circuit court with jurisdiction to entertain a petition for a writ of *453 habeas corpus filed by an inmate in Barbour County is the Circuit Court of Barbour County. See Ala.Code 1975, § 15-21-6, which requires that when the petitioner is confined in the penitentiary, a petition for habeas relief must be addressed to the nearest circuit court.
In so holding, we reject Parker’s argument that the writ of habeas corpus is not available to him as a remedy because he did not lose any liberty interest as a result of his disciplinary, and that therefore he does not have a remedy other than the writ of certiorari. Parker’s punishment for his disciplinary was “90 days’ placement in the Hot Dorm [sic] and 90 days loss of all privileges.” We agree with Parker that this punishment does not constitute the loss of any liberty interest so as to trigger due process rights. See Dumas v. State, 675 So.2d 87 (Ala.Crim.App.1995). However, we do not agree that his claim is thus cognizable in a petition for a writ of certiorari. We will not allow such circumvention of the requirements for a due-process claim asserted in a petition for a writ of habeas corpus.
Because the Montgomery Circuit Court did not have jurisdiction to entertain Parker’s petition for the writ of certiorari, we do not have jurisdiction to entertain such a petition. Accordingly, this appeal is dismissed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e).
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.