The defendant, Russell L. Collier, was indicted and convicted in the Circuit Court *Page 404 
of Baldwin County for the unlawful possession of marihuana in violation of Alabama Code 1975, § 20-2-70. The conviction and the sentence of fifteen years' imprisonment was unanimously affirmed by the Court of Criminal Appeals, 413 So.2d 396. Defendant petitioned for writ of certiorari on the primary basis that the appellate court's decision of June 30, 1981, was in direct conflict with this Court's July 17, 1981, decision inNicaud v. State, ex rel. Hendrix, 401 So.2d 43 (Ala. 1981). In that decision, this Court held there was no probable cause to justify the search and seizure of the shrimp boat "Ricky G." We granted the writ to review the decision of the Court of Criminal Appeals in light of our holding in Nicaud v. State, exrel. Hendrix, supra.
We have reviewed the opinion of the Court of Criminal Appeals and we affirm the judgment of that court. We think the court correctly held that the defendant lacked standing to contest the validity of the search and seizure.
This case is clearly distinguishable from the Nicaud case,supra. In that case, the Court held that the warrantless search of the shrimp boat "Ricky G" was illegal under the Fourth Amendment to the United States Constitution as made applicable to the states by the 14th Amendment. However, these amendments do not afford protection to persons who have no legitimate expectation of privacy from governmental invasion in the areas searched. United States v. Salvucci, 448 U.S. 82,100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), Rakas v. Illinois, 439 U.S. 128,95 S.Ct. 421, 58 L.Ed.2d 387 (1978). Russell Collier did not possess the requisite standing to challenge a warrantless search and seizure in that he had no expectation of privacy or proprietary interest in the area searched, i.e. the boat. This is quite different from the defendants in the Nicaud case. In that case two defendants had a proprietary interest and evinced a legitimate expectation of privacy in that two defendants owned the boat.[1] Having satisfied the standing requirements, they were afforded the constitutional protections of the Fourth and 14th Amendments. Russell L. Collier, because of the difference in the facts, is not afforded these protections.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] We reversed the judgment of the trial court as to the third defendant in Nicaud on separate grounds.