Barnhill appeals from the summary denial of his petition for writ of habeas corpus challenging a disciplinary action which resulted in the loss of four months good time. The denial of the petition was proper because Barnhill failed to verify the petition by oath. O'Such v. State, 423 So.2d 317 (Ala.Cr.App. 1982).
However, to expedite matters in the event a proper petition is filed, we note that the record does not contain a written statement by the disciplinary board setting forth the "`evidence relied on and reasons' for the disciplinary action" as required by Wolff v. McDonnell, 418 U.S. 539, 564,94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974). See also Fielding v. State,409 So.2d 964 (Ala.Cr.App. 1981); Washington v. State,405 So.2d 62 (Ala.Cr.App. 1981). In Barker v. State, 437 So.2d 1375
(Ala.Cr.App. 1983), this Court held that the following statement by a disciplinary board does not satisfy Wolff:
"Inmate plead not guilty. Based on arresting officer's statement and evidence found, inmate was found guilty." The board's statement in the case at bar, "Mr. Hill and Mr. Arrington (the arresting officers) both stated the same as in the above charges. Committee found inmate guilty", no more meets the requirements of Wolff than the statement in Barker.
See also Washington, supra.
The judgment of the circuit court is affirmed.
AFFIRMED.
TYSON, SAM W. TAYLOR and HUBERT TAYLOR, JJ., concur.
HARRIS, J., not sitting. *Page 823