Ellie Martin appeals from the summary dismissal of his pro se petition for writ of habeas corpus challenging the revocation of two years good time. His petition was dismissed upon motion of the State. Although the State's motion to dismiss failed to allege any grounds which would support the dismissal of Martin's petition, a dismissal was warranted because the petition was not properly verified. Barnhill v. State,439 So.2d 822 (Ala.Cr.App. 1983); Barker v. State, 437 So.2d 1375
(Ala.Cr.App. 1983); O'Such v. State, 423 So.2d 317 (Ala.Cr.App. 1982). "If the ruling of the trial court is correct for any reason, it will not be reversed." Collier v. State,413 So.2d 396, 403 (Ala.Cr.App. 1981), affirmed on other grounds,413 So.2d 403 (Ala. 1982).
The record does not contain a copy of the Disciplinary Report. The only copy of this report is found as an exhibit attached to the Appellant's pro se brief. Exhibits attached to the briefs of the parties are not part of the record and cannot be considered by appellate courts. Cooper Transfer Co., Inc. v.Alabama Public Service Commission, 271 Ala. 673, 677,127 So.2d 632 (1961).
This Court is well aware that the appellate courts of this state have repeatedly *Page 802 
held that we are bound by the contents of the record before us.E.g. Butler v. State, 285 Ala. 387, 393, 232 So.2d 631 (1970),cert. denied, 406 U.S. 939, 92 S.Ct. 1807, 32 L.Ed.2d 140
(1972); Vincent v. State, 399 So.2d 923, 925 (Ala.Cr.App. 1981); Hinds v. Hinds, 415 So.2d 1122, 1128 (Ala.Civ.App. 1982). See generally cases at 7 Ala. Digest, Criminal Law Key No. 1111 (1) (1979 Supp. 1983); 2 Ala. Digest, Appeal Error
Key No. 712 (1955 Supp. 1983). However, in an effort to expedite matters should a properly verified petition be filed, we note that the Disciplinary Report "does not contain a written statement by the disciplinary board setting forth the `"evidence relied on and reasons" for the disciplinary action' as required by Wolff v. McDonnell, 418 U.S. 539, 564,94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974)." Barnhill, supra. The "Committee findings reasons" are stated as follows on the Disciplinary Report:
 "In closed session and on secret ballot the board finds inmate Martin guilty as charged. This decision was based on the statement of the arresting officer and the amount of time involved. Inmate Martin did not have permission from the Director to leave his authorized sponsor and residence."
This statement is essentially the same as those in Barnhill andBarker, supra, and does not meet the requirements of Wolff. See also Washington v. State, 405 So.2d 62 (Ala.Cr.App. 1981).
The judgment of the circuit court dismissing Martin's petition is affirmed.
AFFIRMED.
All Judges concur. *Page 1217