This is an appeal from the denial of a petition for writ of habeas corpus.
At one trial with one jury, Mead was convicted of first degree assault (Case No. CC82-03359) and second degree assault (Case No. CC82-03358). He was sentenced to twenty years' and five years' imprisonment respectively, with the sentences to run consecutively. He was denied bond pending appeal and this denial constitutes the basis of his complaint.
His petition was not verified by oath as required by Alabama Code § 15-21-4 (1975) and for that reason alone his petition was properly dismissed.
The State argues that the petition was also properly denied because Mead was sentenced to a total of 25 years' imprisonment and bail is only authorized for a sentence which does not exceed a term of twenty years.
Alabama Code § 12-22-170 (1975) provides: "If the sentence is for a term not exceeding 20 years, the judge must direct the clerk of the court in which the conviction is had to admit the defendant to bail in a sum to be fixed by the judge, with sufficient surety, conditioned upon his appearance at the court, from time to time thereafter, as fixed by the court to abide such judgment as may be entered on the appeal." (Emphasis added.) Joinder of offenses for trial does not affect the court's power to sentence the defendant separately for each offense of which he is convicted. A.R.Temp.C.P. 15.3 (c).
Mead argues that he has no single sentence which exceeds twenty years because he received one sentence for each conviction and it is only the total of the two sentences when combined which totals in excess of twenty years. We decline to *Page 1280 
answer this question. This issue is not properly before this Court in that the petition was not verified, and any opinion we would advance thereon would be merely dicta. "If the ruling of the trial court is correct for any reason, it will not be reversed." Collier v. State, 413 So.2d 396, 403 (Ala.Cr.App. 1981), affirmed on other grounds, 413 So.2d 403 (Ala. 1982).
Ground number four of the State's motion to dismiss the petition was that "[p]etitioner has failed to properly verify his petition as required by law. Code of Alabama 1975, §15-21-4, O'Such v. State, 423 So.2d 317, [(Ala.Cr.App.] 1982[ ) ]." Petitioner Mead answered the other three grounds of this motion but failed to address this particular ground, failed to submit a verified petition, and failed to verify his answer.
We recognize and adhere to the principle stated in Ex parteThomas, 270 Ala. 411, 412, 118 So.2d 738 (1960): "Niceties of pleading are not favored in habeas corpus proceedings. A petition which substantially complies with the provisions of [§15-21-4], and its corollary statutes is all that is necessary to secure the writ and bring before the judge the petitioner and his cause of detention." Verified pleadings constitute affidavits and are treated as evidence. Ex parte Green,221 Ala. 298, 300, 129 So. 72 (1930); Christison v. State,39 Ala. App. 175, 176, 96 So.2d 701 (1957). We do not consider the failure to verify a petition for writ of habeas corpus a "nicety of pleading" that can be disregarded. Without such a verification there is no evidence before the circuit court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.