Spooner appeals the summary dismissal of his pro se petition for writ of habeas *Page 430 
corpus challenging the constitutionality of a disciplinary proceeding which resulted in the loss of four months' good time. In his petition, Spooner specifically asserted that the institutional officers took disciplinary action against him without providing him with a constitutionally sufficient statement of the reasons for their actions and the evidence upon which they relied. Spooner's petition was dismissed upon the State's motion. Attached to this motion was a copy of the Disciplinary Report[1] and an unsworn statement of the arresting officer. The "Committee findings reasons" recited in the Disciplinary Report are as follows:
 "GUILTY, by the Arresting Officer's statement and the facts surrounding the charge. It was presented to the board that inmate Spooner was not in the area of assignment. The board, therefore, determined Spooner to be guilty [sic]."
In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963,41 L.Ed.2d 935 (1974), the Supreme Court held that due process requires that an inmate involved in a prison disciplinary proceeding must be provided with a written statement by the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 565, 94 S.Ct. at 2979. The written statement protects the inmate from possible collateral consequences based on a misunderstanding of the nature of the original proceeding and from arbitrary action by prison officials and enables him to "propound his own cause" subsequent to the hearing. Id. at 565, 94 S.Ct. at 2979.
This court has observed this Wolff standard in determining statements similar to the instant one to fall short of the inmate's minimal procedural due process rights. In Barker v.State, 437 So.2d 1375 (Ala.Crim.App. 1983), we found the following statement by a disciplinary board to be in violation of Wolff: "Inmate plead not guilty. Based on arresting officer's statement and evidence found, inmate was found guilty." In Barnhill v. State, 439 So.2d 822 (Ala.Crim.App. 1983), the following statement was likewise deemed insufficient: "[The arresting officers] both stated the same as in the above charges. Committee found inmate guilty." Finally, in Martin v. State, 449 So.2d 801 (Ala.Crim.App. 1984), this court adjudged the following findings of the committee to be procedurally deficient: "In closed session and on secret ballot the board finds inmate Martin guilty as charged. This decision was based on the statement of the arresting officer and the amount of time involved. Inmate Martin did not have permission from the Director to leave his authorized sponsor and residence."
We fail to see any difference between these inadequate statements and the statement of Spooner's disciplinary board. The board in the instant case likewise failed to specify the facts in the officer's report upon which it relied. Due process requires more than a boilerplate sentence which could be applied in every case; otherwise the concerns of Wolff would not be protected.
The Attorney General contends that the arresting officer's statement attached to the State's motion to dismiss is incorporated by reference into the board's report and hence provides a sufficient written statement. This court disagrees. Even if the board's statement incorporates the officer's report, such adoption does not satisfy Wolff. This general finding by the board does not ensure that prison officials will act fairly. Nor will this finding protect the prisoner against subsequent collateral effects resting upon misunderstanding of the initial decision. The report in and of itself should contain a meaningful statement setting forth the essential facts relied upon.
Therefore, the trial court's judgment dismissing Spooner's petition is hereby set aside and vacated and this cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.
[1] The copy of the Disciplinary Report in the record is illegible. At the request of this Court, the Elmore County Circuit Clerk forwarded the legible original exhibit. *Page 431