PATTERSON, Judge.
Newton appeals the summary dismissal of his petition for writ of habeas corpus, which was dismissed upon the State’s motion. In his petition, Newton alleged that he had been denied procedural due process in a prison disciplinary proceeding which resulted in the loss of thirty days’ store and visitation privileges and in the imposition of twenty-one days of disciplinary segregation.
We express no opinion on the merits of Newton’s claim,[1] since we conclude that his petition was properly dismissed because it was not verified by oath as required by Alabama Code § 15-21-4 (1975). See Mead v. State, 449 So.2d 1279 (Ala.Cr.App.1984); O’Such v. State, 423 So.2d 317 (Ala.Cr.App.1982). In no part of the petition or accompanying papers is there a jurat; the signature of no one other than that of Newton’s appears in the papers. Without the verification, there was no evidence before the trial court. 449 So.2d at 1280. Accordingly, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.

. We note that the trial court granted the State’s motion to dismiss on the ground that Newton failed to allege any existing liberty interest as a result of the disciplinary pending. However, as indicated in the cases cited by the attorney general in his "Motion for Leave to Decline to File a Brief,” Newton did allege denial of a liberty interest. See, e.g., Richie v. State, 481 So.2d 454 (Ala.Cr.App.1985); Summerford v. State, 466 So.2d 182 (Ala.Cr.App.1985). However, "[i]f the ruling of the trial court is correct for any reason, it will not be reversed.” Mead v. State, 449 So.2d 1279, 1280 (Ala.Cr.App.1984) (quoting Collier v. State, 413 So.2d 396, 403 (Ala.Cr.App.1981), aff’d on other grounds, 413 So.2d 403 (Ala.1982)).