PATTERSON, Judge.
Smith appeals from the trial court’s summary denial of his pro se petition for writ of habeas corpus wherein he alleges that he was denied his due process guarantees in the prison disciplinary committee’s finding that he was guilty of violating the prison regulation prohibiting harassment. There is no question that Smith’s liberty interests were diminished, for he lost six months’ good time. See Summerford v. State, 466 So.2d 182 (Ala.Cr.App.1985).
In his petition, Smith makes two related contentions: (1) The committee’s decision was arbitrary and capricious and not based upon substantial evidence; and (2) the committee’s written statement of the evidence upon which it relied and the reasons for its action is insufficient. We note that, in response to Smith’s petition, the state *824 merely filed a motion to dismiss couched in most general terms. The record contains no answer or return to the petition denying the allegations of fact in the petition. In fact, the only copy of the disciplinary report is an illegible copy attached to Smith’s petition; the only legible rendition of the committee’s findings is recited in the petition itself. Since this remains unrefuted, Ex parte Floyd, 457 So.2d 961 (Ala.1984), we look to it to determine the merits of Smith’s allegations. It reads as follows:
“The Board finds the facts to be as follows that inmate Smith is guilty based on the Arresting Officer’s statement that during the time span of May 18 thru May 24, 1986, inmate Edward Smith B/M 124955 did harass Terrell Wells W/M 131966 and intimidate inmate Wells by unlawful coercion.”
We find that the committee’s statement falls short of complying with Smith’s minimal due process rights. “The disciplinary report in and of itself should contain a meaningful statement setting forth the essential facts relied upon.” Jackson v. State, 485 So.2d 389, 391 (Ala.Cr.App.1986) (emphasis added). We fail to see any substantive difference in the statement at bar and those statements deemed deficient and collected in Spooner v. State, 451 So.2d 429 (Ala.Cr.App.1984). The statement’s deficiency renders the committee’s decision arbitrary and capricious because the report fails to reflect what evidence the committee had before it to conclude that Smith had harassed a fellow inmate for a period of seven days. Cf. Evans v. State, 485 So.2d 402 (Ala.Cr.App.1986) (wherein the court held that the disciplinary board’s finding that the petitioner was guilty of possession of contraband was arbitrary and capricious, since there was no explanation of why the arresting officer believed the material to be marijuana). Due process requires more than a boilerplate statement. Spooner, 451 So.2d at 430.
Accordingly, the trial court’s denial of Smith’s petition is hereby set aside, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.