Roberts appeals from the trial court's summary judgment denying his petition for writ of habeas corpus. In his petition, filed March 10, 1987, Roberts challenges the constitutionality of 13 disciplinary proceedings which occurred between January 20, 1978, and December 17, 1984, and resulted in the loss of 82 months' good time. He asserts that the institutional officers took disciplinary action against him without providing him with a constitutionally sufficient statement of reasons for their action and the evidence upon which they relied.
In denying Roberts's petition, the trial court rendered an order which reads, in pertinent part, as follows:
 "It is ORDERED, petition to set aside disciplinaries which resulted in loss of good time to inmate totaling eighty two (82) months [sic]. Disciplinaries began in *Page 937 
1978 most of which are barred by laches; later fifty six (56) months were restored to him, with no showing as to why they were restored or relating them to any other disciplinaries, further all disciplinaries that are not barred by laches do not violate due process and therefore Summary Judgment is granted in favor of defendant and judgment is entered in favor of defendant and against plaintiff."
Although we find that the court's ruling was improperly based on the two specified grounds,[1] we affirm the court's denial on our finding that Roberts's petition was not properly verified as required by Alabama Code (1975), § 15-21-4. See Mead v.State, 449 So.2d 1279 (Ala.Cr.App. 1984); O'Such v. State,423 So.2d 317 (Ala.Cr.App. 1982). "If the ruling of the trial court is correct for any reason, it will not be reversed." Mead v.State, 449 So.2d at 1280. Accordingly, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] In reviewing Roberts' claim that the court's order was erroneous as to 7 of the 13 disciplinaries, we consider the first ground of denial — the operation of laches — to be insufficient, for the prosecution did not meet the requirements of Mayola v. State of Alabama, 623 F.2d 992 (5th Cir. 1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303
(1981). As stated in Mayola:
 "A petition for habeas corpus may be dismissed under the equitable doctrine of laches . . . if (1) the petitioner has delayed unreasonably in the filing of his petition, and (2) the state can demonstrate that it has suffered actual prejudice from the delay in its ability to respond to the grounds upon which habeas corpus is sought."
623 F.2d at 999. Although Roberts's protracted delay in the filing of his petition was unreasonable, particularly since, from the time of the disciplinaries, he knew or should have known of the facts underlying his claim and of his constitutional right to a written statement of findings, mere delay, alone, will not operate to support the defense of laches. As further stated in Mayola:
 "Prejudice to the state may not merely be presumed, however, from the absence of a transcript or of witnesses necessary to recount the details of a proceeding. Rather, the state must actually be disadvantaged by the absence of such resources in responding to the particular allegations or theories asserted by petitioner as grounds for habeas corpus."
623 F.2d at 1000.
We further find that the court's denial of Roberts's petition was improperly grounded upon the court's ruling that Roberts's due process rights were not violated. We find that six of the seven disciplinaries contested on appeal failed to provide a constitutionally sufficient statement of findings. In the instant case, the statements in question are of the same genre as those found to be insufficient in Rice v. State,460 So.2d 254 (Ala.Cr.App. 1984), and Spooner v. State, 451 So.2d 429
(Ala.Cr.App. 1984).