PATTERSON, Judge.
The appellant, William C. Atmore, appeals the trial court’s denial of his pro se petition for writ of habeas corpus wherein he contested the validity of a 1984 disciplinary for escape or attempt to escape without use of force. According to his allegation, Atmore lost 18 months’ good time as a result of this disciplinary. As one of his contentions, Atmore argued that the disciplinary committee’s findings and reasons *906 for its action were insufficient. They are reflected by the disciplinary report, as follows:
“Guilty based on the fact that when questioned by Ms. E. Lewis inmate At-more said that he did not have permission to leave the Pickens County jail and go to Detroit.”
The trial court denied Atmore’s petition, by written order, for two reasons. First, it determined that the report established that Atmore had escaped, been recaptured, and returned to prison and that he, in fact, admitted the allegations. Second, it considered the petition to be “barred by laches and/or statute of limitations.” In so holding, it explained as follows:
“The [State’s] Motion to Dismiss asserts, among other things, that this action should be barred by laches in that the disciplinary proceeding occurred on September 17,1984, and the Petition was not filed until August 18, 1987, approximately three years after the disciplinary proceeding occurred. The Court is of the opinion that a Petition For Writ of Habe-as Corpus is a civil action, and therefore governed by a one year statute of limitations.”
Upon review, we find that this cause must be reversed. In contrast to the trial court’s first holding, we find that the disciplinary report does not contain a sufficient written statement of the evidence upon which the board relied and the reasons for the action, Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The evidence upon which the committee relied, as reflected by its statement, does not establish the commission of the charged infraction. Only when the committee’s statement is read together with the statement of the arresting officer, which is reflected on the face of the report, is the committee’s statement comprehensible and complete.
Our supreme court, in Ex parte Hawkins, 475 So.2d 489, 491 (Ala.1985), reviewed the committee’s statement of findings and found it to be insufficient. However, it considered this statement in conjunction with the brief summary of the witnesses’ statements and held that the disciplinary report, on its face, appeared to contain a sufficient statement of essential facts supporting the committee’s findings. Compare Owens v. State, 507 So.2d 576, 578 (Ala.Cr.App.1987) (wherein the court stated, “The portion of the record of the disciplinary hearing before us indicates that the disciplinary board incorporated or adopted the investigating officer’s statement as its evidentiary findings to support its action, a practice which does not meet the due process requirements of Wolff v. McDonnell, and which we have accordingly condemned”); Jackson v. State, 485 So.2d 389 (Ala.Cr.App.1986) (wherein the court held as insufficient the committee’s finding which expressly relied on the arresting officer’s statement where the arresting officer’s statement allegedly contained sufficient detail and allegedly was reflected on the face of the report); Bice v. State, 460 So.2d 254 (Ala.Cr.App.1984) (wherein the court held that the committee’s statement —“Guilty based on officers and witness testimony” — together with the written record of the testimony attached to the report were insufficient to satisfy due process). However, in the instant case, we cannot rely on Hawkins to consider the arresting officer’s statement to make up for the insufficiency of the committee’s statement, for the committee made no mention of any reliance on the arresting officer’s statement. See Hunter v. State, 515 So.2d 114 (Ala.Cr.App.1987). For all we know, the committee could have rejected the officer’s testimony and relied solely on Atmore’s statement.
We cannot and will not base a finding of compliance with Atmore’s due process rights on supposition that the committee accepted the arresting officer’s statement. See Hunter, 515 So.2d at 115. “The disciplinary report in and of itself should contain a meaningful statement setting forth the essential facts relied upon.” Id. (quoting Jackson v. State, 485 So.2d 389, 391 (Ala.Cr.App.1986)) (emphasis added in Hunter). Atmore’s admission, as reflected by the committee’s statement, does not contain the necessary or essential facts, for he *907 merely admitted that he did not have permission to leave.
The trial court’s denial of Atmore’s petition will likewise not stand on the trial court’s holding that consideration of At-more’s petition is barred by a statute of limitations or by the doctrine of laches. “It must never be forgotten that the writ of habeas corpus is the previous safeguard of personal liberty and there is no higher duty than to maintain it unimpaired.” Bowen v. Johnston, 306 U.S. 19, 26, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939). Thus, we affirm that there is no fixed time limit within which the writ may be sought.
“There is no fixed time limit within which an application for a writ of habeas corpus may, or must, be made, and the court on habeas corpus proceedings is not bound by any statute limiting the time within which application for the writ may be made, or by any legal or equitable rule applying such a limitation by analogy. Accordingly, a mere lapse of time does not bar the right to habeas corpus, where the delay is sufficiently explained, as by the petitioner’s ignorance of the law and legal procedure, even though because of the delay there would be an inability of prosecuting authorities to present evidence of guilt. Notwithstanding the general rule, the court will consider the reasons underlying such statutory provisions or legal and equitable rules governing time for seeking judicial relief in determining whether, in the exercise of its judicial discretion and as a matter of justice, the writ ought to be granted, and so, not every delay will be excused.
[[Image here]]
“A petition for habeas corpus will be denied if the petitioner is guilty of lach-es, and the state is prejudiced by the long delay, as where the delay is for such a long period of time that the memories of the judge and court personnel are uncertain, or the rights sought to be asserted have become matters of speculation due to the dislocation or death of witnesses and the loss of records. However, laches is not an adequate bar to the examination of the constitutional consequences of virtually admitted facts, or the grant of suitable relief for a deprivation of constitutional rights, as where there is a claim of the denial of the effective assistance of counsel.”
39A C.J.S. Habeas Corpus § 162 (1976) (footnotes omitted). Thus, no statute of limitations applicable to civil actions will operate to foreclose a court’s consideration of a habeas corpus petition contesting the validity of a disciplinary proceeding. Compare A.R.Crim.P.Temp. 20.2(c).
Furthermore, mere delay alone will not support a defense of laches. As the court noted, in regard to the operation of laches, in Roberts v. State, 516 So.2d 936, 937, fn. 1 (Ala.Cr.App.1987), the requirements of Mayóla v. Alabama, 623 F.2d 992 (5th Cir.1980), cert, denied, 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303 (1981), must be met in order for a petition for habeas corpus to be dismissed under the doctrine of laches. These requirements are, as follows:
“(1) the petitioner has delayed unreasonably in the filing of his petition, and (2) the state can demonstrate that it has suffered actual prejudice from the delay in its ability to respond to the grounds upon which habeas corpus is sought.”
Neither of the requirements was established in the instant case. The State, in its motion to dismiss, merely alleged that “Petitioner has unreasonably delayed the filing of his petition” and that “the State has been severely prejudiced by such delay in its ability to secure witnesses and documents to respond to the grounds upon which Habeas is sought.” This mere allegation of prejudice falls far short of the required particularized showing of prejudice. See McDonnell v. Estelle, 666 F.2d 246 (5th Cir.1982). Prejudice to the State may not merely be presumed from the absence of documentation or of witnesses. Mayóla, 623 F.2d at 1000.
Based upon our findings that Atmore’s due process rights were violated and that relief was not barred by any statute of *908 limitations or by the doctrine of laches, this cause is reversed and remanded.
REVERSED AND REMANDED.
BOWEN, TYSON and TAYLOR, JJ., concur.
McMILLAN, J., dissents with opinion.