McMILLAN, Judge.
This is an appeal of the denial of the appellant’s petition for writ of habeas corpus by the Limestone County Circuit Court.
The appellant, an inmate of the Limestone County Correctional Facility, received a series of eighteen separate prison discipli-naries between March 26, 1981, and November 2,1983. In March, 1987, the appellant filed the habeas corpus petition sub judice, seeking to set aside these disciplinary actions on the ground that his right to due process had been violated. The State filed a motion for summary judgment, alleging either that the appellant’s claims were barred by laches, or that the due process requirements set forth in Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978-79, 41 L.Ed.2d 935 (1974), had been satisfied. The trial court dismissed the appellant’s petition as being barred by laches, and this appeal followed.
The appellant challenges the constitutionality of four of these disciplinary proceedings: the one of March 26,1981; the one of August 7, 1981; the one of December 4, 1981; and the one on November 2, 1983. The appellant contends that the findings of the disciplinary report in each of these proceedings fail to contain a sufficient written statement of the evidence relied on by the board, as required by Wolff, supra. The appellant further contends that the trial court erred in dismissing his petition on the theory of laches, inasmuch as the State failed to show that it was actually prejudiced by his delay in filing the instant petition. Because we find that the disciplinary reports for the proceedings held on March 26, 1981, August 7, 1981, and November 2, 1983, do not contain a sufficient written statement of the evidence relied upon by the board and the reasons for the action, pursuant to Wolff, supra, this cause must be reversed.
“The initial inquiry in any prison disciplinary case is whether the deprivation suffered by the inmate amounted to the denial of a ‘liberty interest’ within the meaning of the due process clause. Meachum v. Fano, 427 U.S. 215, 223-24, 96 S.Ct. 2532, 2537-38, 49 L.Ed.2d 451 (1976).’’ Summerford v. State, 466 So.2d 182, 183 (Ala.Cr.App.1985). The loss of good time credit constitutes a denial of a liberty interest. Wolff, supra; Summerford, supra.
*592 “One of the minimum requirements of due process in a prison disciplinary proceeding is that there be a written statement by the factfinders as to the evidence relied on and reasons’ for the disciplinary action. Wolff v. McDonnell, 418 U.S. at 564, 94 S.Ct. at 2979; Rice v. State, 460 So.2d 254, 256 (Ala.Cr.App.1984). The written statement protects the inmate from possible collateral consequences based on a misunderstanding of the nature of the original proceeding and from arbitrary action by prison officials and enables him to ‘propound his own cause’ subsequent to the hearing. Wolff v. McDonnell, 418 U.S. at 565, 94 S.Ct. at 2979; Spooner v. State, 451 So.2d 429, 430 (Ala.Cr.App.1984).”
Heidelburg v. State, 522 So.2d 337, 338-39 (Ala.Cr.App.1988).
In the disciplinary proceeding of March 26, 1981, the appellant was charged with the failure to “check out” with his assigned work squad at the sally port gate. Under the heading “Action of the Disciplinary Court,” the report of the disciplinary board states the following:
“Plea — not guilty. Inmate’s statement: I went to the doctor and tried to see the doctor. I told him I couldn’t breath [sic] that dust out there where we are working now he said (quote) All I call tell you is you have to keep on breathing it. Officer’s statement: Same as charged. Witness — Mr. Meeks: Says nothing was documented for 3/18/81 but he has a record for 3/19/81. Inmate complained about problems with his foot. Findings: Guilty, based on testimony presented. Sentence: Recommends loss of 2 months good time.”
In the disciplinary hearing held on August 7, 1981, the appellant was likewise charged with the failure to checkout with his assigned work squad at the sally port gate. Under the hearing “Action of the Disciplinary Court,” the report of the disciplinary board states the following:
“Subj.'s plea: Not guilty. Subj.’s Statement: ‘Lack of medical treatment. I’ve already refused to work until I get adequate medical treatment. I will not work till I get adequate treatment.’ Arr. Off. Statemnt [sic] ‘Same as charged.’ Bd. Findings: Guilty due to the evidence presented in court. Sentence: The board recommends the loss of 4 months good time. 30 days in Segregation and loss of 2 months phone privileges.”
This Court notes that, in both of these proceedings, the appellant was found guilty of the disciplinary violations charged based on the evidence presented. In neither case, however, does the evidence referenced in the findings establish the commission of the infraction charged. Thus, the disciplinary board has failed to comply with the minimum due process requirements set forth in Wolff, supra. Cf. Atmore v. State, 530 So.2d 905 (Ala.Cr.App.1988), wherein this Court held:
“ ‘The disciplinary report in and of itself should contain a meaningful statement setting forth the essential facts relied upon.’ [The appellant’s] admission, as reflected by the committee’s statement, does not contain the necessary or essential facts.... ”
Id. at 906. (Emphasis in original. Citations omitted.)
In the disciplinary hearing held on November 2; 1983, the appellant was charged with insubordination for remarks allegedly made to a Department of Corrections officer. He was found guilty of the infraction charged and was sentenced to the loss of four months’ good time. Under the heading “Committee Findings and Reasons,” the disciplinary report states “[g]uilty due inmate’s admission that he was angry and could have possibly made these remarks.”
“To meet the due process standard, the disciplinary board’s decision must neither be arbitrary nor capricious, and must be based upon some evidence. Thompson v. State, 504 So.2d 747 (Ala.Cr.App.1987); Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).” Heidelburg, supra, at 339. (Emphasis in original.) Because we do not believe that the disciplinary board's findings satisfy this requirement, the decision *593 of the trial court as to the November 2, 1983, proceeding is due to be reversed.
This Court also agrees with the argument advanced by the appellant that the trial court improperly dismissed his petition on the theory of laches. There is no fixed time limit within which the writ of habeas corpus may be sought. Atmore, supra, at 907. See also 39A C.J.S. Habeas Corpus § 162 (1976). In Atmore, this Court rejected the defense of laches where the prosecution failed to show that it was actually prejudiced by the appellant’s delay, holding:
“Furthermore, mere delay alone will not support a defense of laches. As the court noted, in regard to the operation of laches, in Roberts v. State, 516 So.2d 936, 937, fn. 1 (Ala.Cr.App.1987), the requirements of Mayola v. Alabama, 623 F.2d 992 (5th Cir.1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303 (1981), must be met in order for a petition for habeas corpus to be dismissed under the doctrine of laches. These requirements are as follows:
“ ‘(1) the petitioner has delayed unreasonably in the filing of his petition, and (2) the state can demonstrate that it has suffered actual prejudice from the delay in its ability to respond to the grounds upon which habeas corpus is sought.’
“Neither of the requirements was established in the instant case. The State, in its motion to dismiss, merely alleged that ‘Petitioner has unreasonably delayed the filing of his petition’ and that ‘the State has been severely prejudiced by such delay in its ability to secure witnesses and documents to respond to the grounds upon which Habeas is sought.’ This mere allegation of prejudice falls far short of the required particularized showing of prejudice. See McDonnell v. Estelle, 666 F.2d 246 (5th Cir.1982). Prejudice to the State may not merely be presumed from the absence of documentation or of witnesses. Mayola, 623 F.2d at 1000.”
Id. at 907.
In the instant case, the disciplinary actions challenged in the appellant’s habeas corpus petition occurred from three to six years prior to the date of the petition. The State argues in brief that this delay has prejudiced its case “because the correctional officers may no longer be employed by the department, or, if they are, they may not work at the institution where the petitioner is housed_” As in Atmore, however, the State has failed to establish that the appellant’s delay has resulted in the unavailability of any material witnesses, or has in any other way impaired its ability to defend against the allegations of the appellant’s petition.
For the reasons stated, the judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
All Judges concur.