McMILLAN, Judge.
This appeal follows a denial of a petition for writ of habeas corpus. For the reasons outlined below, the judgment of the trial court is due to be reversed and this cause remanded.
The appellant, an inmate at the Holman Correctional Facility, received a series of twelve separate prison disciplinaries between March 24, 1980, and October 24, 1987. In February, 1988 the appellant filed the habeas corpus petition sub judice,-alleging that the disciplinary proceedings failed to satisfy the minimal due process requirements established by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In its motion to dismiss, the State contended, among other things, that the appellant’s claims were barred by laches, and that the appellant had been afforded the full range of due process rights to which he was entitled. The trial court granted the motion to dismiss, holding, in pertinent part, as follows:
“With the exception of one disciplinary hearing, it appears that the Petition for Writ of Habeas Corpus was not filed until more than one year after the various disciplinary proceedings. The Court has reviewed the Petition and the Motion to Dismiss with all accompanying exhibits. It is the opinion of the Court that the motion is due to be granted. It is therefore ORDERED and ADJUDGED that the motion is granted, and the Petition is hereby dismissed.”
After a careful review of the record, this Court finds it necessary to address only the following disciplinary proceedings, each of which resulted in the appellant’s being sentenced to disciplinary segregation: the proceeding held on January 30, 1981, in which the appellant was charged with refusing to work, in violation of Department of Corrections Rule No. 12; and those held on February 17, 1982, April 1, 1982, September 2, 1982, and April 27, 1983, in which he was charged with refusing to obey the direct order of a corrections officer, in violation of Department of Corrections Rule no. 14. The critical omissions in the record are the “written statements” giving the reasons and the evidence relied on by the disciplinary board in making its findings and conclusions.
*548 “The initial inquiry in any prison disciplinary case is whether the deprivation suffered by the inmate amounted to the denial of a ‘liberty interest’ within the meaning of the due process clause. Meachum v. Fano, 427 U.S. 215, 223-224, 96 S.Ct. 2532, 2537-38, 49 L.Ed.2d 451 (1976).” Summerford, v. State, 466 So.2d 182, 183 (Ala.Cr. App.1985). The imposition of disciplinary segregation constitutes the denial of a liberty interest. Wolff, supra, Summerford, supra.
“One of the minimum requirements of due process in a prison disciplinary proceeding is that there be a ‘written statement by the factfinders as to the evidence relied on and reasons’ for the disciplinary action. Wolff v. McDonnell, 418 U.S. at 564, 94 S.Ct. at 2979; Rice v. State, 460 So.2d 254, 256 (Ala.Cr.App. 1984). The written statement protects the inmates from possible collateral consequences based on a misunderstanding of the nature of the original proceeding and from arbitrary action by prison officials and enables him to ‘propound his own cause’ subsequent to the hearing. Wolff v. McDonnell, 418 U.S. at 565, 94 S.Ct. at 2979; Spooner v. State, 451 So.2d 429, 430 (Ala.Cr.App.1984).”
Heidelburg v. State, 522 So.2d 337, 338-39 (Ala.Cr.App.1988). See also Atmore v. State, 530 So.2d 905, 906 (Ala.Cr.App.1988), wherein it was stated that “ ‘[t]he disciplinary report in and of itself should contain a meaningful statement setting forth the essential facts relief upon.’ ” (Citations omitted. Emphasis in original.)
In each of the disciplinary hearings involved in the present case, the appellant was found guilty of the infraction charged “based on the evidence presented in court.” This Court noted in Spooner, supra, at 430, however, that statements of this nature fail to satisfy the due process requirements of Wolff See Martin v. State, 449 So.2d 801 (Ala.Cr.App.1984); Barnhill v. State, 439 So.2d 822 (Ala.Cr.App.1983); Barker v. State, 437 So.2d 1375 (Ala.Cr. App.1983).
“We fail to see any difference between these inadequate statements and the statement ■ of Spooner’s disciplinary board. The board in the instant case likewise failed to specify the facts in the officer’s report upon which it relied. Due process requires more than a boilerplate sentence which could be applied in every case; otherwise the concerns of Wolff would not be protected.”
Spooner, supra, at 430. (Emphasis supplied.)
Although the reversal of this case is predicated on other grounds, this Court also finds that the trial court erred in dismissing the appellant’s petition on the doctrine of laches. There is no fixed time limit within which the writ of habeas corpus may be sought, Atmore, supra, at 907, and, even assuming that the appellant’s delay in filing this petition was unreasonable, the State has failed to make a showing that it suffered actual prejudice because of the delay. Such a showing is required for lackes to apply. Id.
REVERSED AND REMANDED.
All Judges concur.