McMILLAN, Judge.
This appeal arises out of the denial of the appellant’s habeas corpus petition by the St. Clair County Circuit Court.
The appellant, an inmate at the St. Clair County Correctional Facility, received a series of four separate prison disciplinaries between July 16, 1988, and July 26, 1988. In September, 1988, the appellant filed the habeas corpus petition sub judice, seeking relief from the punishment prescribed by the disciplinary committee, on the ground that his right to due process had been violated. The State then filed a motion to dismiss the appellant’s petition, which was summarily granted by the trial court.
The appellant challenges the constitutionality of the disciplinary proceedings conducted on the following dates: July 28, 1988; July 30, 1988 (2 separate hearings were conducted on this date); and July 31, 1988. Because this Court finds that the disciplinary reports for the proceedings held on July 29, 1988, and July 31, 1988, do not contain a sufficient written statement of the evidence relied upon by the disciplinary committee, this cause is due to be reversed.
“The initial inquiry in any prison disciplinary case is whether the deprivation suffered by the inmate amounted to the denial of a ‘liberty interest’ within the meaning of the due process clause. Meachum v. Fano, 427 U.S. 215, 223-224, 96 S.Ct. 2532, 2537-38, 49 L.Ed.2d 451 (1976).” Summerford v. State, 466 So.2d 182, 183 (Ala.Cr.App.1985). The imposition of disciplinary segregation constitutes the denial of a liberty interest. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Summerford, supra.
In Wolff, supra, the United States Supreme Court held that, where a prison disciplinary hearing could result in the deprivation of a liberty interest, certain minimal due process requirements must be met. For example, the inmate must be given written notice of the charges against him at least 24 hours prior to his hearing. The inmate should likewise be allowed to call witnesses on his behalf, where to do so would not jeopardize inmate security or correctional goals. He is also entitled to a written statement by the factfinders as to the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563-67, 94 S.Ct. at 2978-80.
In Atmore v. State, 530 So.2d 905 (Ala.Cr.App.1988), this Court reversed the judgment of the trial court denying the appellant’s habeas corpus petition, finding that the evidence on which the disciplinary committee relied, as reflected by its statement, did not establish the commission of the infraction charged.
“ ‘The disciplinary report in and of itself should contain a meaningful statement setting forth the the essential facts relied upon.’ [The appellant’s] admission, as reflected by the committee’s statement, does not contain the necessary or essential facts.... ”
Id., at 906. (Emphasis added in earlier report; citations omitted.)
In the July 29, 1988, disciplinary hearing the appellant was charged with insubordination for remarks he had made during an earlier Segregation Review Board hearing. He was found guilty of the infraction charged and was sentenced to 14 days’ disciplinary segregation and the loss of all privileges for 30 days. The appellant was also recommended for an upgrade in custody. Under the heading “reasons,” the disciplinary report states as follows: “Due to arresting officer’s statement and the fact that the Board disbelieves Inmate Johnson’s testimony.”
In the disciplinary hearing conducted on July 31, 1988, the appellant was charged with disorderly conduct due to his actions and comments while on the prison’s exercise yard. The appellant was also found guilty of this charge, and was sentenced to 21 days’ disciplinary segregation, and 30 days’ loss of all privileges. As reasons for the committee’s findings, the disciplinary report states: “Due to the arresting officers [sic] sworn testimony of the facts of the incident, and due to Johnson’s deliberate disorderly conduct in the hearing, Johnson offered no testimony or questions in *1001 his own behalf. Johnson’s only witness stated he knew nothing of this incident.”
This Court does not believe that the disciplinary committee’s statement of the evidence relied on in either of these proceedings satisfies the due process requirements of Wolff, supra. “The board in the instant case ... failed to specify the facts in the officer’s report upon which it relied. Due process requires more than a boilerplate sentence which could be applied in every case; otherwise the concerns of Wolff would not be protected.” Spooner v. State, 451 So.2d 429, 430 (Ala.Cr.App.1984).
Therefore, the trial court’s judgment dismissing the appellant’s petition is hereby set aside, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.