MADDOX, Justice.
Robert L. Johnson was found guilty of violating prison rules and was disciplined at four different hearings. He filed a petition for writ of habeas corpus, challenging whether the disciplinary proceedings met the due process requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The trial court denied his petition, but the Court of Criminal Appeals reversed. Johnson v. State, 564 So.2d 999 (Ala.Cr.App.1989). That court held that the disciplinary board’s statements of the evidence relied upon in two of the hearings were insufficient. The State petitioned this Court for a writ of certiora-ri, which we granted.
It has been clearly established that due process requires more than a boilerplate statement of a disciplinary board’s reasons for disciplining an inmate. Smith v. State, 512 So.2d 823, 824 (Ala.Cr.App.1987). The State concedes that the statements of the evidence relied upon by the disciplinary board are boilerplate language, but argues that the body of the report also contains more detailed summaries of the witnesses’ statements that set out the particular facts relied upon by the board. This Court held *1002 in Ex parte Hawkins, 475 So.2d 489, 491 (Ala.1985), that even where the reasons stated fall short of the requirements of Wolff, if the disciplinary report also contains summaries of the witnesses’ statements sufficient to show the essential facts supporting the board’s findings, then the report meets the requirements of Wolff.
We have examined the record in this case and find that the reports contain facts and statements by the witnesses sufficiently specific to support the board’s actions in disciplining Johnson. Because of the conflict between the Court of Criminal Appeals’ opinion and Hawkins, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.'
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.