COBB, Judge.
On June 12, 2000, pursuant to a negotiated agreement, Clayton Dean Robinson pleaded guilty to first-degree sodomy; he was sentenced to 10 years in prison. Robinson did not appeal his conviction or sentence. On April 16, 2002, Robinson filed a Rule 32, Ala. R.Crim. P., petition. After the State filed a response, the circuit court summarily denied the petition.[1] This appeal followed.
*1193 In his petition, Robinson claimed that the trial court was without jurisdiction to accept his guilty plea because “the district attorney at no time during the ... pro-eeeding[s] took the oath on the information” (C. 14); that the trial court was without jurisdiction to sentence him because it “failed to give him a formal sentencing hearing and his 35 days[2] with an attorney to review his Presentence Investigation Report” (C. 15); and that his trial counsel rendered ineffective assistance by failing “to adequately investigate the facts before advising [him] to plead guilty” (C. 17). Robinson also contended that the circuit court was without jurisdiction to accept his guilty plea because, although he was indicted for first-degree sodomy, he pleaded guilty to second-degree sodomy, and the indictment did not allege sufficient facts to support a conviction for second-degree sodomy, because second-degree sodomy was not a lesser offense within the offense of first-degree sodomy in this case.
On appeal, Robinson reiterates the claims from his petition and contends that the trial court erred by failing to conduct an evidentiary hearing[3] on the claims in his petition. He also maintains that the circuit court should have made specific findings of fact regarding all of his claims.
Initially, we note that Robinson did not first raise his contention regarding the lack of specific findings of fact in the circuit court. Because he did not first present this claim to the circuit court, he has not preserved it for appellate review. Whitehead v. State, 593 So.2d 126 (Ala.Crim.App.1991).
1. Robinson’s Nonjurisdictional Claims
Robinson asserts three nonjurisdictional claims as to which the facts are not in dispute: that the district attorney failed to take an oath on the information; that the trial court failed to conduct a formal sentencing hearing; and that his trial counsel rendered ineffective assistance.
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001). “If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App.1987).” Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App.1999).
Rule 32.7(d), Ala. R.Crim. P., provides for the summary disposition of a Rule 32 petition only
“[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b), Ala. R.Crim. P.], or is precluded [under Rule 32.2, Ala. R.Crim. P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.... ”
As for Robinson’s claim regarding the district attorney’s failure to take the oath on the information pursuant to § 15-15—20.1(b), Ala.Code 1975, as the State pointed out to the circuit court this ease was commenced on an indictment, not on an information, and therefore § 15—15— 20.1(b) was not applicable. Because this claim was clearly without merit and did not entitle Robinson to relief under Rule *1194 32, summary disposition was appropriate. Rule 32.7(d).
As for Robinson’s claim that the trial court failed to conduct a formal sentencing hearing, his specific contention was that the trial court should have awaited a presentence report before sentencing him in order to have considered him for parole. As the State pointed out to the circuit court, Robinson waived parole consideration during the guilty plea proceedings; therefore, formal proceedings with a pre-sentence report would have been useless. Because this claim was clearly without merit and did not entitle Robinson to relief under Rule 32, summary disposition was appropriate. Rule 32.7(d).
As for Robinson’s claim of ineffective assistance of trial counsel, his claim that trial counsel failed to adequately investigate the facts of his case is merely a bare allegation and does not describe how trial counsel’s conduct was deficient or how Robinson was prejudiced by such conduct. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because this claim amounted to a bare allegation and was, therefore, not sufficiently specific, summary disposition was appropriate. Rule 32.7(d). See also Rule 32.6(b), Ala. R.Crim. P.
II. Robinson’s Jurisdictional Claim
As for Robinson’s final claim regarding his indictment, the facts are somewhat in dispute and the record before us is unclear.
“We apply an abuse of discretion standard of review to the circuit court’s denial of a Rule 32, Ala. R.Crim. P., petition for postconviction relief. See Elliott v. State, 601 So.2d 1118 (Ala.Cr.App.1992). If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App.1987).”
Reed v. State, 748 So.2d 231, 233 (Ala. Crim.App.1999).
We note that neither Robinson nor the State has attached a copy of the indictment or a copy the guilty plea agreement to any of the filings in this case. A copy of the indictment and a copy of the plea agreement are not otherwise in the record before us. Robinson moved the circuit court to supplement the record with a copy of the indictment and a copy of the plea agreement, but the circuit court denied the motion and refused to supplement the record.
However, it is undisputed that Robinson was indicted for first-degree sodomy, although we cannot discern under which subsection of § 13A-6-63, Ala.Code 1975, he was indicted.
The record before us does contain a copy of the guilty plea proceedings. The transcript of those proceedings indicates that the trial court stated that Robinson was pleading guilty to “sodomy,” with no mention of a degree. The transcript also indicates that the trial court informed Robinson that he was pleading guilty to a Class B felony, which would indicate a plea to second-degree sodomy, see § 13A-6-64(b), Ala.Code 1975, not first-degree. Additionally, the sentencing range dictated by the trial court — a term of not less than 2 years nor more than 20 — is the sentencing range for Class B felony, not a Class A felony. See § 13A-5-6(a)(2), AIa.Code 1975. Finally, the only factual basis for the charge in the record before us is in the form of the trial court’s question to Robinson: “Clay, did you have inappropriate sexual contact with the minor child that’s spelled out in the indictment, alleged in the indictment against you?” (C. 94.) This factual basis does not indicate whether the victim was less than 12 years old, as *1195 is required with first-degree sodomy,[4] or more than 12, but less than 16 years old, as is required with second-degree sodomy.[5]
Nonetheless, the State maintains that Robinson pleaded guilty to first-degree sodomy, which is a Class A felony, se'e § 13A-6-63(b), Ala. Code, 1975, based on the fact that “all other court filings clearly indicate! ] that Robinson was charged with sodomy 1st degree by indictment and pled guilty to the same charge.” (C. 42.) However, these “other court filings” are not in the record before us; nothing else in the record before us indicates that Robinson did in fact plead guilty to first-degree sodomy.
Because the State agrees with Robinson’s assertion that he was indicted for first-degree sodomy, and because the record before does not support the State’s refutation of Robinson’s claim that he pleaded guilty to second-degree sodomy, we must remand this cause for the circuit court to address this claim.
The circuit court shall first determine the charge to which Robinson pleaded guilty, and it shall then determine whether the indictment against him alleged sufficient facts to encompass such a guilty plea. The circuit court may rely on its own records of the guilty plea proceedings, or it may hold an evidentiary hearing, if necessary, or it may take evidence by affidavits, written interrogatories, or depositions in lieu of an evidentiary hearing. The circuit court shall make specific findings of fact in its order on return to remand and shall include in the record on return tp remand a copy of the indictment and a copy of the plea agreement. Due return shall be made within 35 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and SHAW and WISE, JJ„ concur.
BASCHAB, J., concurs in the result.

. Robinson filed an amendment to his petition, but neither the State nor the circuit court addressed the claims in his amendment.

. We know of no requirement that a defendant spend 35 days with his counsel to review a presentence report.

. In the circuit court, Robinson filed a “Motion for [an] Evidentiary Hearing,” which the circuit court summarily denied.

. "A person commits the crime of sodomy in the first degree if ... [h]e, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.” § 13A-6-63(a)(3), Ala.Code 1975.

. "A person commits the crime of sodomy in the second degree if ... [h]e, being 16 years old or older, engages in deviate sexual intercourse with another person less than 16 and more than 12 years old.” § 13A-6-64(a)(l), Ala.Code 1975.