COBB, Judge.
In May 1984, Mose Montgomery, Jr., was indicted for robbery in the first degree, a violation of § 13A-8-41, Ala.Code 1975. On August 7, 1984, Montgomery consented to the indictment’s being amended to charge robbery in the second degree, a violation to § 13A-8-42, Ala. Code 1975, and, pursuant to a plea agreement, Montgomery entered a guilty plea to the amended charge. Montgomery was sentenced to life imprisonment.[1] He did not appeal his conviction or sentence.
On April 12, 2004, Montgomery filed with the trial court a Rule 32, Ala.R.Crim. P., petition, his second.[2] On April 13, 2004, the trial court summarily dismissed Montgomery’s Rule 32 petition, without requiring a response from the State, on the basis that the petition was barred by the limitations period of Rule 32.2(c), Ala. R.Crim.P. (C. 2.)
In his Rule 32 petition, and now on appeal, Montgomery contends that his guilty plea is due to be set aside because the trial court lacked subject-matter juris *1059 diction to receive his guilty plea to robbery in the second degree. Montgomery argues that he could not consent to the indictment’s being amended to charge second-degree robbery because second-degree robbery requires proof of an additional fact, i.e., that he was “aided by another person actually present,” that was not required to establish first-degree robbery.
Montgomery relies principally upon Rule 13.5(a), Ala.R.Crim.P., and Ex parte Cole, 842 So.2d 605 (Ala.2002). Rule 13.5(a) states: “A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment.” In Cole, the Alabama Supreme Court stated that the trial court erred by permitting the defendant to plead guilty to robbery in the second degree, where the defendant had been indicted for robbery in the first degree, because proof of robbery in the second degree requires that the robbery be committed by the defendant in concert with another person, while robbery in the first degree does not require this additional showing. The Alabama Supreme Court noted that this claim was jurisdictional in nature. Cole, 842 So.2d at 607-09.
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, the court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). “If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App.1987).” Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App.1999).
Because Montgomery’s claim is a challenge to the subject-matter jurisdiction of the trial court at the time he entered his guilty plea, the bars to relief set forth in Rule 32.2, Ala.R.Crim.P. (i.e., limitations period, successive petition, etc.), do not preclude Montgomery’s petition. Likewise, Montgomery’s petition closely tracks the language and argument set out in Cole; thus, he has properly pleaded and set forth sufficient facts and law to warrant further review. See Rule 32.3, Ala.R.Crim.P. (stating that petitioner has burden of proof); and Rule 32.6(b), Ala.R.Crim.P. (stating that petitioner shall plead with sufficient specificity). Therefore, the trial court’s summary disposal of Montgomery’s Rule 32 petition was error. See Rule 32.7(d), Ala.R.Crim.P. (stating that trial court may summarily dispose of a Rule 32 petition in certain instances or shall “set a date for hearing” if disposal is not appropriate).
We also note that the fact that Montgomery pleaded guilty to second-degree robbery does not now preclude him from challenging the jurisdiction of the trial court to accept his plea to the agreed-upon, amended charge. As the Supreme Court observed in Cole, 842 So.2d at 608, “the defendant cannot consent to an amendment that effectively charges an offense not contemplated by the indictment.” The Supreme Court further stated:
“When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole’s consent to amend the indictment charging first-degree robbery by adding the fact, that another participant was *1060 present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a)[, Ala.R.Crim.P.] That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, [814 So.2d 1006 (Ala.Crim.App.2001)]; Wingard v. State, [821 So.2d 240 (Ala.Crim.App.2001)]; Green v. State, [619 So.2d 952 (Ala.Crim.App.1993)]; and Ross v. State, [529 So.2d 1074 (Ala.Crim.App.1988)].”
(Emphasis added.)
The indictment, charging Montgomery with robbery in the first degree, • stated:
“MOSE MONTGOMERY, JR., alias MOSE ANDERSON ... did, in the course of committing a theft of Thirtyr two Dollars of the lawful currency of the United States of America, ... the property of Bennie W. Johnson' threaten the imminent use of force against the person of Bennie W. Johnson with the. intent to compel acquiescence to the taking of or escaping with the property, while the said. MOSE MONTGOMERY, JR. ... was armed with a deadly weapon or .dangerous instrument, to-wit: a pistol in violation of Section 13A-8^fl of the Alabama Criminal Code.”
(C. 29.)
It is, of course, quite possible that Montgomery was aided by another person in the robbery at issue, even though this fact is not included in the indictment. However, for Montgomery’s guilty-plea conviction to survive, he must have admitted that he was aided by another person in the commission of the robbery and he must have consented to the amendment of the indictment charging first-degree robbery to reflect this fact. See Childers v. State, [Ms. CR-02-1451, Dec. 2, 2003] — So.2d —, —(Ala.Crim.App.2003) (holding that defendant’s admission at guilty-plea hearing that he committed robbery with two accomplices does not satisfy the requirement of Cole that the first-degree robbery indictment be amended to reflect this element of the offense); Hill v. State, [Ms. CR-02-0515, March 21, 2003] — So.2d —, —(Ala.Crim.App.2003) (opinion on return to remand) (holding that defendant’s consent to amending indictment charging robbery in the first degree to charge robbery in the second degree was invalid, where indictment failed to reveal that defendant was aided by another in the .commission of the offense and where record did not reveal that indictment was amended to allege this fact); Toliver v. State, 881 So.2d 1070, 1077 (Ala.Crim.App.2003) (holding that, on remand, trial court was to vacate defendant’s guilty plea to second-degree robbery, where record did not reveal that defendant consented to amendment of first-degree robbery indictment to reflect that defendant was aided by another in the commission of the offense). In the present case, because we do not have the benefit of the transcript of the guilty-plea hearing, we are unable to determine whether the indictment was amended with the consent of Montgomery to • allege that he was aided by another person. The record in this case includes two letters from Montgomery to the circuit clerk of Jefferson County, relative to his attempts to locate the transcript and have it transcribed and forwarded to this Court. (C. 32-34.) The transcript from the guilty-plea hearing or a determination of what occurred at that hearing is a matter *1061 that the trial court should address, if necessary, on remand.
In summary, we hold that the trial court erred in summarily dismissing Montgomery’s Rule 32 petition, and we reverse the trial court’s order to that effect and remand this case for proceedings consistent with this opinion. On remand, the trial court shall determine whether the indictment charging first-degree robbery was amended with Montgomery’s consent to allege that he was aided by another person during the commission of the offense. If Montgomery did consent to amendment of the original indictment to allege the participation of an accomplice, then the trial court is to enter an order upholding Montgomery’s guilty-plea conviction. If Montgomery did not consent, then the trial court is directed to vacate Montgomery’s conviction and sentence, and the State may then either proceed on the initial indictment or reindict Montgomery.
REVERSED AND REMANDED.
McMILLAN, P. J., and SHAW and WISE, JJ., concur. BASCHAB, J., concurs in the result.

. Though not revealed in the record, Montgomery was apparently sentenced pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, because second-degree robbery, a class B felony, carries a range of punishment from 2 years’ to 20 years' imprisonment. See § 13A-5-6(a)(2), Ala.Code 1975. With one prior felony, the trial court could have sentenced Montgomery to life imprisonment. See § 13A-5-9(a)(2), Ala.Code 1975. The record reveals three prior criminal cases involving Montgomery, but there is no indication whether the cases resulted in felony convictions. (C. 30.) Had Montgomery been convicted of or pleaded guilty to first-degree robbery, a class A felony, with proof of three prior felonies, the trial court would have been required to sentence him to life imprisonment without possibility of parole. See § 13A-5-9(c)(3), Ala.Code 1975.

. Montgomery requested this Court to dismiss his appeal from the trial court’s denial of his first Rule 32 petition "because he discovered a ground for relief that ... warranted] relief after his first petition was filed and after notice of appeal was filed.” (C. 15, 17, 19.) The record reveals that the lower court received notice of our dismissal of Montgomery's prior appeal on March 9, 2004. (C. 4.)