McMILLAN, Presiding Judge.
On August 23, 2005, William Joseph Carr filed two separate, identical Rule 32, Ala. R.Crim. P., petitions, challenging his May 9, 1972, convictions of grand larceny. Carr stated that he had been charged with the crimes in separate indictments and that he had pleaded guilty to both indictments in the same guilty-plea proceeding. He also stated that he was sentenced to consecutive sentences of two years’ imprisonment and that he did not appeal. The State moved to dismiss Carr’s petitions, on the ground that his claims of defective indictment were refuted by exhibits submitted by the State. The trial court summarily dismissed Carr’s petitions, on the ground that they were “without merit.”
On appeal, Carr reiterates the claim that he set out in his Rule 32 petitions: that the trial court lacked jurisdiction to render judgment or to impose sentence in either of his grand-larceny cases because the indictments did not contain the element of taking the personal property of the owner “with intent to convert it or deprive the owner of it.” Traditionally, this type of claim has been viewed by Alabama courts as a jurisdictional claim, which is never waived or precluded. How *1229 ever, in Ex parte Seymour, 946 So.2d 536 (Ala.2006), the Alabama Supreme Court overruled the precedent so holding, finding that such an error does not effect the jurisdiction of the circuit courts to hear the case. Therefore, Carr’s claim of error is nonjurisdictional.
Rule 32.2(c), Ala. R.Crim. P., provides that the trial court shall not entertain a petition that is not timely filed, unless the petition states a valid claim of lack of jurisdiction, excessive sentencing, or illegal custody, or alleged newly discovered evidence. Because Carr’s claims were non-jurisdictional and he did not file his petitions within the applicable limitations period, the trial court properly dismissed his petitions. When the trial court’s denial of a Rule 32 petition is correct for any reason, this court will not reverse that decision on appeal. Mead v. State, 449 So.2d 1279 (Ala.Crim.App.1984).
Carr’s claim that the trial court abused its discretion in denying his petitions without conducting an evidentiary hearing is without merit. Rule 32.7(d), Ala. R.Crim. P., permits summary disposition of a petition that is insufficiently specific or precluded or that fails to state a claim. The trial court’s dismissal of Carr’s petitions therefore is affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.